UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARRY D. LOWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 06-1133-CKK |
| DRUG ENFORCEMENT ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## DECLARATION OF LEILA I. WASSOM

1. I am a Drug Enforcement Administration (DEA) Paralegal Specialist, currently assigned to the Office of Chief Counsel, Administrative Law Section (CCA), DEA Headquarters, Washington, D.C. From August 1991 to November 2002, I was assigned to the Freedom of Information and Records Management Section, Freedom of Information Litigation Unit. From November 2002 to June 2005, I was assigned to the Freedom of Information and Records Management Section, Freedom of Information Operations Unit.

2. In my current assignment and while assigned to the records management section, I review for litigation purposes both the initially processed and appealed Freedom of Information Act (FOIA) and Privacy Act (PA) requests received by DEA. I have performed these duties at DEA since 1991.

3. My duties require that I am familiar with the policies and practices of DEA regarding the processing and release of information requested under the FOIA/PA, and the application of the FOIA/PA and exemptions, for which I have received formal and on the job training.

4. In preparing this declaration, I have read and am familiar with the complaint, in the above

entitled action, and the records maintained by the DEA Freedom of Information Operations Unit, which (for reasons not relevant here) goes by the designation "SARO."

5. SARO is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA. I am familiar with the policies, practices and procedures employed by SARO that relate to the search for, and the processing and release of information responsive to FOI/PA requests received by the DEA.

## CORRESPONDENCE AND AGENCY ACTION

6. By letter dated February 4, 2006, and addressed to DEA FOIA/PA Section, 230 S. Dearborn Street, Ste 1200, Chicago, IL 60604, Plaintiff requested information about alleged payments made to a third party, Edwin Rivas, providing alleged specific dates and numbers. A copy of Plaintiff's letter dated February 8, 2005, is attached as Exhibit A.

7. On February 14, 2006, a copy of Plaintiff's request was forwarded by facsimile to the DEA Freedom of Information Operations Unit (SARO) by the Chicago Field Division. By memorandum dated May 16, 2006, Plaintiff's original request was forwarded to SARO. A copy of the forwarding memorandum is attached as Exhibit B.

8. By letter dated May 18, 2006, DEA informed Plaintiff that DEA would neither confirm nor deny the existence of any of the requested records, and informed Plaintiff that in order to receive information about a third-party it was necessary for him to provide either proof of death or an original authorized notarized authorization (privacy waiver) from that person.

9. DEA also informed Plaintiff that without proof of death or a privacy waiver, to confirm

the existence of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy, and such records would be exempt pursuant to FOIA exemptions (b)(6) and/or (b)(7)(C).

10. In addition, DEA informed Plaintiff of his right to appeal the agency's decision. A copy of the DEA letter dated May 18, 2006, is attached as Exhibit C.

### DEFICIENCIES IN PLAINTIFF'S REQUEST

11. Department of Justice Agency Rules, contained at 28 C.F.R. § 16.3, sets forth the requirements for making requests for information under the FOIA. It directs requesters to send requests to "the component's FOIA office at the address listed in appendix I of part 16." The address listed for DEA is "Drug Enforcement Administration, U.S. Department of Justice, Washington, D.C. 20537-0001." The address listed in appendix I of part 16 is the address at which SARO receives mail. Plaintiff's request, however, was addressed to DEA FOIA/PA Section, 230 S. Dearborn Street, Ste 1200, Chicago, Il 60604. Thus, his request was not filed in accordance with agency rules.

12. The SARO practice is to respond to and work from the original copy of the request. The original request is the only means of identifying the requester by the signature, and the content of the request. DEA did not respond to Plaintiff until the original of the request was received by SARO. DEA responded to Plaintiff's request within two (2) days of SARO's receipt of the original request. Thus, any delay in responding beyond those two days was due to Plaintiff's failure to submit the request in accordance with the Agency Rules. Thus, DEA did not constructively deny Plaintiff's request by failing to respond

3

within 20 business days.

13. Department of Justice Agency Rules contained at 28 C.F.R. § 16.9 provides for the appeal of adverse determinations and sets out the address to which the appeal may be sent. Even though DEA informed Plaintiff of his right to appeal, no record exists that Plaintiff exhausted his administrative remedies. No record exists that Plaintiff appealed the DEA determination to the Department of Justice, Office of Information and Privacy (OIP).

14. Plaintiff's request was for records relating to payments made to a third-party, specifically Edwin Rivas, providing the purported date of the payment and an invoice number. No record exists that Plaintiff provided the requested proof of death of or a written authorization from Edwin Rivas to which he refers as required by 28 C.F.R. § 16.3.

15. DOJ Agency Rules contained at 28 CFR § 16.3(b) requires that a FOIA requester should describe the records he/she is seeking in enough detail to enable Department of Justice (DOJ) personnel to locate them with a reasonable amount of effort. Plaintiff's request fails in many respects to reasonably describe records.

16. Plaintiff's request is for "[a]ll public information, including but not limited to all criminal case and file numbers relating to" several payments made to an Edwin Rivas. Plaintiff's request can be construed in several ways. First, Plaintiff could be requesting copies of the invoices that he describes. Second, he could be requesting that DEA determine what information or records relate to the invoices and provide him with that information or those records. In essence, Plaintiff is requesting that DEA research the invoices and provide him with the information or records that are found.

17. DEA has numerous financial accounting and record systems in which information regarding payments to individuals and other entities, including invoices, are maintained. The Federal Financial System (FFS) is the primary DEA financial system. It is a fully integrated budgeting, accounting, and report application that records budget execution, fixed assets, purchasing, accounts payable, disbursements, travel, accounts receivable, general ledger, and other financial transactions. Other DEA financial systems include Fixed Asset System (FAS), Federal Procurement Data System (FPDS), a payment notification system, and a cash notification system.

18. DEA's pertinent financial systems of records are not searchable by payment invoice number alone. DEA requires more specific information about payments and the individual to whom the payments were allegedly made. In order to determine where the invoices are maintained, the basis for the payment must be known to be able to identify the system(s) in which copies of invoices associated with the alleged payments are maintained. Plaintiff does not specify the basis, type or nature of the payments allegedly made by DEA to Edwin Rivas or the purpose of the alleged payments.

19. In addition, if a payment was made to an individual, the individual's social security number is required, which was not provided by Plaintiff.

### THE BASIS FOR THE DEA RESPONSE TO THE PLAINTIFF

20. DEA employs the "neither confirm or deny the existence of records" response in instances where requests are received for information related to third-parties in order to protect the privacy interests of the individuals, pursuant to FOIA Exemptions (b)(6) and

(b)(7)(C) and/or the identity of a confidential source, pursuant to FOIA Exemption (b)(7)(D), if the information relates to a confidential source.

21. Merely confirming that an individual is mentioned in a DEA record system is a disclosure under the Privacy Act. Any disclosure can have a potentially stigmatizing or embarrassing effect, can be a release of information that is exempt from disclosure or could endanger the life and safety of an individual. As a result, simply confirming that DEA has records on the individual in its possession, in and of itself, would constitute a violation of an individual's privacy.

22. To date, there is no record that Plaintiff provided a written authorization from any third party for release of information or any proof of death from the individual, and no court order has been received by DEA.

23. If an individual is dissatisfied with a response from a DOJ component, he/she may appeal an adverse determination denying his/her request, in any respect, to the DOJ, Office of Information and Privacy (OIP). See 28 CFR § 16.9. On July 25, 2006, DEA contacted OIP, who confirmed that Plaintiff has not filed an appeal.

24. I declare under the penalty of perjury that the foregoing is true and correct.

8-31-06
Date

Leila I. Wassom
Paralegal Specialist
Office of Chief Counsel
Drug Enforcement Administration
Washington, D.C. 20537

# EXHIBIT A

## FREEDOM OF INFORMATION/PRIVACY ACT REQUEST

TO:  DRUG ENFORCEMENT AGENCY           FROM:  HARRY D. LOWE
     230 S. DEARBORN STREET                   Reg. No. 08637-424
     CHICAGO, IL. 60604                              FEDERAL MEDICAL CENTER
                                                                  PMB 4000 QTRS B-3
                                                                  ROCHESTER, MN. 55903-4000

PURSUANT TO TITLE 5, UNITED STATES CODE, SECTIONS 552, 552(a), I THE UNDERSIGNED, IDENTIFIED AS ABOVE, RESPECTFULLY REQUEST THE ACCESS TO, THE DISCLOSURE OF, THE RELEASE OF, AND THE OPPORTUNITY TO CORRECT AND AMEND, THE FOLLOWING RECORDS MAINTAINED BY YOUR AGENCY:

    PLEASE SEE ATTACHED COPY OF APPENDIX A FOR THE REQUEST BEING
    SUBMITTED HEREIN:

I AM ALSO REQUESTING A COPY OF THE APPLICABLE RULES & REGULATIONS FOR YOUR AGENCY AS PROVIDED FOR BY THE FOI/PA, AS AMENDED BY PUBLIC LAW 93-502, 88 STAT. 1561.

IF FOR ANY REASON, ANY OF THE ABOVE-REQUESTED RECORDS ARE DEEMED TO BE NON-DISCLOSABLE, OR NON-RELEASABLE, PLEASE SPECIFY THE REGULATORY & STATUTORY EXEMPTION RELIED UPON, AND STATE WHETHER THE ENTIRE DOCUMENT OR ONLY A PORTION THEREOF, IS DEEMED NON-DISCLOSABLE, AND FURNISH THE NAME AND TITLE OF THE PERSON MAKING THE DECISION.

REQUESTER IS AN INDIGENT INMATE AT _____ AND REQUESTS THAT ANY SEARCH AND/OR DUPLICATION FEES BE WAIVED, OR IN THE ALTERNATIVE, THAT ACCESS BE PROVIDED BY ALLOWING REQUESTER TO VIEW AND TAKE NOTES OF THE RECORDS RATHER THAN BE PROVIDED WITH COPIES.

THE FOI/PA PROVIDES FOR A REPLY TO THIS REQUEST IN TEN(10) WORKING DAYS. REQUESTER HEREBY INVOKES THIS PROVISION FOR A RESPONSE TO THIS REQUEST WITHIN TEN(10) WORKING DAYS.

Respectfully submitted, _/s/ H.D.L._____
                              (Requester)

Dated this __04__ day of __February__, xx2006

PRIVACY ACT STATEMENT: In accordance with 28 CFR Section 16.41, personal data sufficient to identify the individual submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required.

FULL NAME OF REQUESTER: __HARRY DeWAYNE LOWE__
CURRENT ADDRESS: __FEDERAL MEDICAL CENTER PMB 4000 ROCHESTER, MN. 55903-4000__
DATE OF BIRTH: __April 23, 1965__
PLACE OF BIRTH: __Illinois__
EMPLOYEE I.D. NUMBER: _____

I certify that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five(5) years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3), by a fine of not more than $5,000

Dated this __4th__ day of __February__, xx2006     Signature: _/s/ H.D.L._____

Appendix A

TO:

DRUG ENFORCEMENT AGENCY
230 S. DEARBORN STREET
SUITE 1200
CHICAGO, IL. 60604

FROM:

HARRY D. LOWE
Reg. No. 08637-424
FEDERAL MEDICAL CENTER
PMB 4000 QTRS B-3
ROCHESTER, MN. 55903-4000

Re: Freedom of Information Request

Pursuant to Title 5, United States Code, Section 552, 552(a), I the undersigned, identified as above, Respectfully Request the Access to, the Disclosure of, The release of, and The Opportunity to Correct and Amend, The Following Records maintained by your agency:

All public information, including but not limited to, all criminal case and file numbers relating to the following payments made to one, Edwin Rivas.

Payment of $500.00, dated April 25, 1996, Invoice IY-96-0005
Payment of $500.00, dated May 01, 1996,   Invoice M6-96-0125
Payment of $200.00, dated October 16, 1996, Invoice IY-96-0004
Payment of $200.00, dated November 13, 1996, Invoice IY-96-0004
Payment of $300.00 or 500.00, dated November 15, 1996,
                                           Invoice IY-97-0004
Payment of $200.00, dated November 18, 1996, Invoice IY-97-0004
Payment of $1000.00, dated November 22, 1996, Invoice IY-97-0004

Requester hereby agrees to pay any additional cost within reason associated with the search, copies and receipt of His/Her request berein.

Respectfully Submitted this 4th. day of February 2006

Harry D. Lowe

# EXHIBIT B

**U.S. Department of Justice**
Drug Enforcement Administration

May 18, 2006

*Case Number: 06-0760-F*

*Subject: INFORMATION ON A THIRD PARTY - RIVAS, EDWIN - PAYMENTS MADE TO RIVAS, EDWIN*

Harry D. Lowe #08637-424
Federal Medical Center
PMB 4000, QTRS B-3
Rochester, MN 55903-4000

Dear Harry D. Lowe:

Your Freedom of Information Act request pertaining to another individual has been received and will not be processed by the Drug Enforcement Administration. This response neither confirms nor denies the existence of any requested records. Before DEA can begin processing your request, it will be necessary for you to provide either proof of death or an original notarized authorization (privacy waiver) from that person. A form is enclosed to assist you with meeting this requirement.

Proof of death can be a copy of a notarized death certificate, obituary, or a recognized reference source. Waivers of personal privacy must be notarized, must specifically identify the person waiving privacy (including full name, date and place of birth, social security number and present address), and must be specifically directed to the DEA – permitting the DEA to release personal information (about the person executing the waiver) from its files. The waiver should be dated within a reasonable time period preceding the request, and the original copy of the waiver must be provided to the DEA.

If you submit either a copy of the proof of death or an original notarized authorization directly to the DEA, we will conduct a search of our records. In addition, to ensure an accurate search of our records, please provide your subject's complete name, date and place of birth, and social security number if you have not already done so.

Without proof of death or an original notarized authorization, to confirm the existence of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy. Such records would be exempt from disclosure pursuant to Exemptions (b)6 and/or (b)7(C) of the Freedom of Information Act (FOIA), Title 5 U.S.C. Section 552.

If you wish to appeal this response, you may do so within sixty (60) days pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIPA Appeal":

CO-DIRECTOR
OFFICE OF INFORMATION AND PRIVACY
NYAV BUILDING, 11TH FLOOR
WASHINGTON, D.C. 20530

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section