UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HARRY DEWAYNE LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 06-1133-CKK |
| | ) | |
| v. | ) | |
| | ) | |
| DRUG ENFORCEMENT ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S CORRECTED MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendant, Drug Enforcement Administration, respectfully moves for dismissal, pursuant

to Rule 12(b)(1) for lack of subject matter jurisdiction over the subject matter or Rule 12(b)(6)

for failure to state a claim.  Plaintiff, a *pro se* prisoner, sues under the Freedom of Information

Act, but because Plaintiff failed to file an administrative appeal of the agency denial of his

request, he failed to exhaust his administrative remedies and the case should be dismissed for

that reason.  Moreover, Plaintiff failed to provide the necessary privacy waiver for the

information he sought, which related to a third party, and therefore, the DEA properly responded

that it could neither confirm nor deny the existence of any response records.

*Pro se* Plaintiff is advised that if he fails to respond to this motion to dismiss, the Court

may grant this motion and dismiss his case because of the failure to respond.  See Fox v.

Strickland, 837 F.2d 507 (D.C. Cir. 1988).  Similarly, to the extent the Court treats this motion as

a motion for summary judgment, *pro se* Plaintiff will please take note that the assertions

contained in the accompanying declaration in support of Defendant's motion will be accepted by

the Court as true unless Plaintiff submits his own affidavit or other documentary evidence

contradicting the assertions in Defendant's declarations and attachments.  See Neal v. Kelly, 963

F.2d 453, 456 (D.C. Cir. 1992); Fed. R. Civ. P. 56(e); and Local Civil Rules 7(h) and 56.1.

A memorandum of points and authorities and a proposed order granting the relief sought

are attached hereto.


September 5, 2006                                        Respectfully submitted,


                                                        _____
                                                        KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                                        United States Attorney


                                                        _____/s/_____
                                                        RUDOLPH CONTRERAS, D.C. Bar # 434122
                                                        Assistant United States Attorney


                                                        _____/s/_____
                                                        ALAN BURCH, D.C. Bar # 470655
                                                        Assistant United States Attorney
                                                        555 4th St., N.W.
                                                        Washington, D.C. 20530
                                                        (202) 514-7204
                                                        alan.burch@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HARRY DEWAYNE LOWE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 06-1133-CKK |
| ) | |
| v. ) | |
| ) | |
| DRUG ENFORCEMENT ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S CORRECTED MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Defendant, Drug Enforcement Administration ("DEA"), respectfully moves to dismiss,

and in the alternative for summary judgment in this case brought under the Freedom of

Information Act ("FOIA").  Plaintiff is a *pro se* prisoner serving a 20-year sentence for marijuana

and conspiracy charges.  Plaintiff's FOIA case should be dismissed for failure to exhaust his

administrative remedies because he failed to bring an administrative appeal of DEA's denial of

his FOIA request.  Moreover, even if he had brought an administrative appeal, the DEA's

declaration fully explains why the DEA properly responded to his request by refusing to confirm

or deny the existence of responsive records because Plaintiff failed to provide the necessary

privacy waiver (or death certificate) for the third-party whose records Plaintiff sought.

Therefore, even if the case is not dismissed, summary judgment is appropriate.

For the relevant factual details, the Court is referred to the attached statement of material

facts not in genuine dispute, filed herewith pursuant to Local Rules 7(h) and 56.1.

**LEGAL STANDARDS**

**I.     Motion to Dismiss.**

A motion under Rule 12(b)(6) tests the legal sufficiency of the complaint and, therefore,

in deciding a motion to dismiss under Rule 12(b)(6), the Court must presume that the factual

allegations in the complaint are true and liberally construe those factual allegations in favor of

the plaintiff.  See, e.g., Shear v. NRA, 606 F.2d 1251, 1253 (D.C. Cir. 1979).  In addition to the

liberally construed facts in the complaint, the Court may consider certain additional evidence in

deciding the motion.  For example, the D.C. Circuit specifically held that federal courts may take

"judicial notice of facts on the public record," including judicial decisions, as part of the factual

assumptions used in evaluating a motion to dismiss under Rule 12(b)(6).  See Covad Comm. Co.

v. Bell Atlantic Corp., 407 F.3d 1220, 1222 (D.C. Cir. 2005).

**II.    Evidentiary Standards for Summary Judgment**

Where no genuine dispute exists as to any material fact, summary judgment is required.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A genuine issue of material fact is one

that would change the outcome of the litigation.  Id. at 247.  "The burden on the moving party

may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence

of evidence to support the non-moving party's case."  Sweats Fashions, Inc. v. Pannill Knitting

Co., Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere

allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus, to avoid

summary judgment here, Plaintiff (as the non-moving party) must present some objective

evidence that would enable the Court to find he is entitled to relief.  In Celotex Corp. v. Catrett,

the Supreme Court held that, in responding to a proper motion for summary judgment, the party

who bears the burden of proof on an issue at trial must "make a sufficient showing on an

essential element of [his] case" to establish a genuine dispute.  477 U.S. 317, 322-23 (1986).  In

Anderson the Supreme Court further explained that "the mere existence of a scintilla of evidence

in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury

could reasonably find for the Plaintiff."  Anderson, 477 U.S. at 252; see also Laningham v. Navy,

813 F.2d 1236, 1242 (D.C. Cir.  1987) (the non-moving party is "required to provide evidence

that would permit a reasonable jury to find" in its favor).

In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure

is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the

Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive

determination of every action.'"  477 U.S. at 327 (quoting Fed. R. Civ. Pro. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are

typically decided on motions for summary judgment.  See Cappabianca v. Commissioner, U.S.

Customs Serv., 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are

properly identified, FOIA cases should be handled on motions for summary judgment") (citing

Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).  In a FOIA suit, an agency is entitled to

summary judgment once it demonstrates that no material facts are in dispute and that each

document that falls within the class requested either has been produced, not withheld, is

unidentifiable, or is exempt from disclosure.  Students Against Genocide v. Dept. of State, 257

F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir.

1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the

Court and Plaintiff with affidavits or declarations and other evidence which show that the

documents are exempt from disclosure.  Hayden v. NSA, 608 F.2d 1381, 1384, 1386 (D.C. Cir.

1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. U.S. Dep't of Army, 611 F.2d

738, 742 (9th Cir. 1980); Trans Union LLC v. FTC, 141 F. Supp. 2d 62, 67 (D.D.C. 2001)

(summary judgment in FOIA cases may be awarded solely on the basis of agency affidavits

"when the affidavits describe 'the documents and the justifications for nondisclosure with

reasonably specific detail, demonstrate that the information withheld logically falls within the

claimed exemption, and are not controverted by either contrary evidence in the record nor by

evidence of agency bad faith.'") (quoting Military Audit Project v. Casey, 656 F.2d 724, 738

(D.C. Cir. 1981)).  See also McGehee v. CIA, 697 F.2d 1095, 1102 (D.C. Cir. 1983), modified

on other grounds, 711 F.3d 1076 (D.C. Cir. 1983); Citizens Commission on Human Rights v.

FDA, 45 F.3d 1325, 1329 (9th Cir. 1995); Bowen v. FDA, 925 F.2d 1225, 1227 (9th Cir. 1991);

Public Citizen, Inc. v. Dep't of State, 100 F. Supp. 2d 10, 16 (D.D.C. 2000), aff'd in part, rev'd

in part, 276 F.3d 634 (D.C. Cir. 2002).

## ARGUMENT

**I.     Plaintiff's Case Should be Dismissed for Failure to Exhaust Administrative Appeals.**

FOIA confers jurisdiction upon the Court to provide relief to a plaintiff only where

requested documents have been "improperly withheld" by an agency.  5 U.S.C. § 552(a)(4)(B).

The courts have interpreted this section of the statute to mean that a plaintiff may avoid dismissal

only upon a showing by the plaintiff that the defendant (1) improperly (2) withheld (3) agency

records.  See Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150

(1980).  Indeed, "[t]he plaintiff must show that the agency 'contravened all three components of

this obligation'" in order for the case to proceed.  Kuffel v. U.S. Bureau of Prisons, 882 F. Supp.

1116, 1120 (D.D.C. 1995) (citing Kissinger, 445 U.S. at 151.)  Absent such a showing, a FOIA

cause of action does not exist.

   Exhaustion of such administrative remedies is required under FOIA before a party can

seek judicial review.  Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir.

1986).  A FOIA requester is deemed to have failed to exhaust administrative remedies whenever

the requester fails to comply with the administrative procedures set forth under FOIA, including:

(1) providing the required proof of identity, Summers v. United States Dep't of Justice, 999 F.2d

570, 572-73 (D.C. Cir. 1993);  (2) reasonably describing the records sought, Gillin v. IRS, 980

F.2d 819, 822-23 (1st Cir. 1992);  (3) complying with fee requirements, Trueblood v. United

States Dep't of Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996); and (4) administratively appealing

a denial of records, Oglesby v. United States Dep't of the Army, 920 F.2d 57 (D.C. Cir. 1990).

See also 5 U.S.C. § 552(a)(3) (requester must follow agency's published regulations governing

FOIA requests); Kessler v. United States, 899 F. Supp. 644, 645 (D.D.C. 1995) (failure to follow

agency regulations constitutes failure to exhaust administrative remedies). Where a FOIA

plaintiff attempts to obtain judicial review without having first fully exhausted his administrative

remedies, his lawsuit is subject to dismissal for lack of subject matter jurisdiction.  Oglesby, 920

F.2d at 57.

   Here, Plaintiff failed to bring an administrative appeal of the DEA denial of his request to

the Office of Information and Privacy, as required by regulation, see 28 C.F.R. 16.9.  This

administrative appeal is required under Ogelsby and other pertinent case law and, therefore,

Plaintiff's failure to appeal is fatal to his case.  This Court should dismiss this case on that basis.

**II.    DEA's "Glomar" Response Was Proper.**

In the event the Court decides not to dismiss the case, summary judgment would then be

appropriate.  Through its exemptions, FOIA does not require production of:

> (7) records or information compiled for law enforcement purposes, but only to the
> extent that the production of such law enforcement records or information. . . (C)
> could reasonably be expected to constitute an unwarranted invasion of personal
> privacy.

5 U.S.C. § 552(b)(7).  See also 5 U.S.C. § 552a (j)(2) (Privacy Act).  This exemption protects the

identities of suspects and other persons of investigatory interest who are identified in agency

records in connection with law enforcement investigations.  See, e.g., U.S. Dep't of Justice v.

Reporters Committee for Freedom of the Press, 489 U.S. 749, 762-71 (1989) (privacy interests in

a person's police arrest record); Computer Prof'ls for Social Responsibility v. U.S. Secret Serv.,

72 F.3d 897, 904 (D.C. Cir. 1996).

Application of any of FOIA's exemptions in Exemption 7 requires the agency to satisfy

the threshold issues of, first, whether the agency has the requisite law enforcement purpose in

compiling the records at issue and, second, whether the information gathered has a sufficient

nexus to the law enforcement purpose.  See, e.g., Tax Analysts v. IRS, 294 F.3d 71, 76-79 (D.C.

Cir. 2002); Jefferson v. DOJ, 284 F.3d 172, 176-77 (D.C. Cir. 2002);  Campbell v. DOJ, 164

F.3d 20, 32 (D.C. Cir. 1998); Pratt v. Webster, 673 F.2d 408, 419 (D.C. Cir. 1982).

In Jefferson, the court drew a distinction between agencies gathering information as part

of any government agency's "oversight of the performance of duties by its employees," and

information sought as part of investigations into illegal conduct for which the agency might

impose criminal or civil sanctions.  284 F.3d at 177.  Thus, the rule from Jefferson provides a

broadly applicable distinction based more on the agency's mission and reasons for collecting the

information at issue.

Many types of agency activities have been upheld as having a law enforcement purpose,

even several that arguably go beyond the core law enforcement mission of investigating crimes

that have been committed.  See, e.g., Mittleman v. OPM, 76 F.3d 1240, 1241-43 (D.C. Cir. 1996)

(OPM background investigation), cert. denied, 519 U.S. 1123 (1997); Heggestad v. DOJ, 182 F.

Supp. 2d 1, 13 (D.D.C. 2000) (Hogan, J.) (IRS has law enforcement purpose); Center to Prevent

Handgun Violence v. Dep't of Treasury, 981 F. Supp. 20 (D.D.C. 1997) (Robertson, J.)

(collecting information on all repeat handgun sales); Doe v. DOJ, 790 F. Supp. 17, 20-21

(D.D.C. 1992) (background investigations).

In addition, the case law in this circuit is unambiguous that the agency need not tie its

collection of information to any specific or ongoing investigation.  See Tax Analysts, 294 F.3d at

78; Keys 830 F.2d at 342.  This is fully consistent with the courts' broad acceptance that the 1986

amendments to FOIA relaxed the required threshold showing for Exemption 7.  See, e.g., DOJ v.

Reporters Committee for Freedom of the Press, 489 U.S. 749, 780 (1989) (recognizing that the

shift from "would constitute" standard to "could reasonably be expected to constitute" standard

represents a congressional effort to ease considerably the burden in invoking Exemption 7); S.

Rep. No. 221, 98th Cong., 1st Sess. 25 (1983) ("Substitute 'records or information' for

'investigatory records' as the threshold qualification for the exemption: This amendment would

broaden the scope of the exemption to include 'records or information compiled for law

enforcement purposes,' regardless of whether they may be investigatory or noninvestigatory.");

Hopkinson v. Shillinger, 866 F.2d 1185, 1222 n.27 (10th Cir. 1989) ("The 1986 amendment[s]

broadened the scope of exemption 7's threshold requirement.").

      Where the agency responds that it can neither confirm nor deny the existence of

responsive records, however, courts do not require a detailed listing of the responsive records,

but instead require a publicly filed affidavit or declaration with a detailed explanation of why the

"Glomar" response is necessary to support the agency's claim of a FOIA exemption from release.

See Burke v. U.S. Dep't of Justice, 1999 WL 1032814 (D.D.C. Sept. 30, 1999) (citing Enzinna v.

U.S. Dep't of Justice, 1997 WL 404327, *2 (D.C. Cir. 1997); Wheeler v. CIA, 2003 WL

21675312, *5 (D.D.C. June 4, 2003) (quoting Phillippi v. CIA, 546 F.2d 1325 (D.C. Cir. 1981)).

See generally Minier v. Central Intelligence Agency, 88 F.3d 796, 800 (9th Cir. 1996) (approving

use of Glomar response where agency concession that records existed would itself provide the

information that the exemption seeks to protect); Nation Magazine v. U.S. Customs Service, 71

F.3d 885, 894 n.8 (D.C. Cir. 1995) (same); Hunt v. Central Intelligence Agency, 981 F.2d 1116,

1118 (9th Cir. 1992); Phillippi, 655 F.2d 1325 (first case authorizing such response, named after

a secret U.S. government ocean vessel, the *Hughes Glomar Explorer*).

      In interpreting exception 7(C), courts employ a balancing test weighing the privacy

interests of the affected individuals against the public interest in disclosure of the information.

See, e.g., Oguaju v. United States, 288 F.3d 448 (D.C. Cir. 2002).  Courts are quick to point out,

however, that the public interest in disclosure refers to "open[ing] agency action to the light of

public scrutiny," id. at 450 (quoting Reporter's Comm., 489 U.S. at 772), and "it does not

include helping an individual obtain information for his personal use," id. (quoting Mays v.

DEA, 234 F.3d 1324, 1327 (D.C. Cir. 2000)).  See also Mays v. DEA, 234 F.2d 1324, 1327

(D.C. Cir. 2000).  The Oguaju court bluntly rejected the requestor's argument that the public

interest was served in releasing information that might aid him in his defense against criminal

charges: "Oguaju's personal stake in using the requested records to attack his convictions *does*

*not count* in the calculation of the public interest."  288 F.3d at 450 (emphasis added).  On the

other side of the balance, privacy interests of individuals involved in criminal investigations are

routinely and properly accorded weight by the courts.  See, e.g., Reporter's Committee 489 U.S.

at 762-71; Oguaju 288 F.3d at 451 (privacy interest of prison escapee); Nation Magazine v. U.S.

Customs Service, 71 F.3d 885, 893, 895-896 (D.C. Cir. 1995).

      In this case, the Exemption 7 threshold issue is clearly met simply on the basis of the

nature of the material Plaintiff requested, specifically, "all *criminal* case and file numbers"

relating to particular payments.  See Compl. Ex. A.  The DEA is unquestionably a law

enforcement agency as well, and so the threshold issue for use of Exemption 7 is satisfied.

      As for the privacy interests at issue, Plaintiff has failed to provide the necessary privacy

waivers or death certificate, nor has he alleged or provided any evidence to support any public

interest in disclosure of information about the named individual.  One could conjecture from the

fact that Plaintiff is a prisoner that he, like the requester in Oguaju, wants the information to

attack his criminal conviction, but this simply "does not count" as a public interest.  Oguaju, 288

F.3d at 450.  On the other side of the balance, courts recognize the need to protect the privacy of

individuals involved in criminal investigations and Plaintiff's request seeks nothing but

information about alleged payments from federal law enforcement authorities to the individual.

This is a sufficient invasion of privacy to weigh against disclosure.

This sort of categorical application of the balancing test is favored by courts where the nature of the request so clearly fits into a FOIA exemption.  See, e.g., SafeCard Services, Inc. v. S.E.C., 926 F.2d 1197, 1206 (D.C. Cir. 1991) (quoting Reporters' Committee, 489 U.S. at 776). This is particularly so in cases where the agency used a Glomar response.  See, e.g., Oguaju 288 F.3d at 450-51; Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 893, 895-896 (D.C. Cir. 1995); Burke v. U.S. Dep't of Justice, 1999 WL 1032814, *5 (D.D.C. Sept. 30, 1999).  Although the court in Nation Magazine indicated that categorical assertions of Exemption 7(C) to support Glomar responses has its "limits," 71 F.3d at 885, the court permitted such categorical responses when "the range of circumstances included in the category 'characteristically support[s] an inference' that the statutory requirements are satisfied[.]"

On these facts, there can be but one inference drawn—that any responsive information that DEA does possess falls squarely within Exemption 7(C) and so should not be disclosed, nor should its existence be disclosed.

The fact that the requester might be able to figure out the individuals' identities or that the identities have been disclosed elsewhere does not diminish their privacy interests.  Fitzgibbon v. CIA, 911 F.2d 755 (D.C. Cir. 1990); Weisberg v. Dep't of Justice, 745 F.2d 1476, 1491 (D.C. Cir. 1984).

Three other issues should be addressed briefly.  First, DEA's declaration in support of this motion is clearly sufficient.  Ms. Wassom is a paralegal at the DEA, responsible for handling FOIA requests and due to the nature of her official duties, she is familiar with both the procedures routinely followed by DEA in responding to FOIA requests and with the particular actions taken by DEA in responding to Plaintiff's request.  See Wassom Dec. ¶¶ 1-5.  The

declaration of Ms. Wassom explains that she is also familiar with the agency's policies regarding

the use of the Glomar response, and why the DEA used it to deny Plaintiff's request. Id. at ¶¶ 8-

9, 20-22. This explanation is as detailed as it could be without divulging whether the agency

actually has any responsive records, and so it provides the court with an adequate basis for

review of DEA's use of the Glomar response to Plaintiff's request. Plaintiff's Complaint

includes no evidence impugning Ms. Wassom's declaration and there is no evidence of bad faith

by the agency. The declaration is therefore sufficient to support summary judgment for the DEA.

Second, when the agency has adequately justified its use of the Glomar response to

support a FOIA exemption, the courts do not require the agency to conduct a search for

responsive records. See Wheeler, 2003 WL 21675312 at *8. In this case, the DEA could not

confirm or deny the existence of responsive records without revealing whether the named

individuals had become involved in a DEA investigation. This admission could itself have

violated the individuals privacy, contrary to the purpose of Exemption 7(C), and so the Glomar

response was appropriate. In light of the appropriateness of the Glomar response, and the

agency's justification for it in the attached Declaration, it would be wasteful to incur the costs of

the search for records that could not be identified anyway.

Third, the Court of Appeals for the District of Columbia Circuit has held that a District

Court considering a FOIA action has "an affirmative duty to consider the segregability issue *sua*

*sponte*." Trans-Pacific Policing Agreement v. U. S. Customs Service, 177 F.3d 1022, 1028 (D.C.

Cir. 1999). The FOIA requires that if a record contains information that is exempt from

disclosure, any "reasonably segregable" information must be disclosed after deletion of the

exempt information unless the non-exempt portions are "inextricably intertwined with exempt

portions." 5 U.S.C. § 552(b); <u>Mead Data Cent., Inc. v. U. S. Dep't of the Air Force</u>, 566 F.2d

242, 260 (D.C. Cir. 1977). In light of the agency's Glomar response, however, segregating or

redacting information is inappropriate because even a completely redacted document would

reveal the existence of responsive documents and defeat the purpose of the Glomar response.

September 5, 2006                                    Respectfully submitted,

 

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

     /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

     /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| HARRY DEWAYNE LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 06-1133-CKK |
| | ) | |
| v. | ) | |
| | ) | |
| DRUG ENFORCEMENT ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS**
**NOT IN GENUINE DISPUTE**
**SUPPORTING CORRECTED MOTION FOR SUMMARY JUDGMENT**

There is no genuine dispute about the following material facts in this case:

1.    Plaintiff sent a FOIA request to Drug Enforcement Agency ("DEA"), dated February 4,

2006, in which he requested "All public information, including but not limited to, all

criminal case and file numbers relating to the following payments made to one, [sic]

Edwin Rosas." See Compl. ¶ 1, and Ex. A thereto. Accord Wassom Dec., attached as

Ex. 1 hereto, and Ex. A thereto (Plaintiff's request letter to DEA). The request then listed

seven alleged payments, identifying them by amount of payment, date and "Invoice"

number. Id.

2.    Plaintiff's request was sent to the DEA's office in Chicago, which faxed a copy of it to

the DEA's Freedom of Information Operations Unit (hereinafter "SARO") on February

14, 2006. See Wassom Dec. at ¶ 7.

3.    SARO received the original FOIA request from the Chicago DEA office on May 16,

2006. Id.

4.      Plaintiff's FOIA request did not include any privacy waiver or proof of death of Edwin

Rosas, nor any other indication that Mr. Rosas consented to Plaintiff's request.  Id. ¶ 22.

Accord Compl. Ex. A.

5.      By letter dated May 18, 2006, DEA informed Plaintiff that it could neither confirm nor

deny the existence of any responsive records because Plaintiff failed to provide the

necessary privacy waiver or death certificate for Mr. Rosas, and because to respond to his

request otherwise would constitute an impermissible invasion of privacy within the

meaning of FOIA.  Id. ¶ 9 and Ex. B thereto (DEA response letter).

6.      Plaintiff did not bring an administrative appeal of DEA's response to his FOIA request to

the Office of Information and Privacy, U.S. Department of Justice ("OIP").  Id. ¶ 23.


September 5, 2006                                  Respectfully submitted,


                                                  _____
                                                  KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                                  United States Attorney


                                                  _____/s/_____
                                                  RUDOLPH CONTRERAS, D.C. Bar # 434122
                                                  Assistant United States Attorney


                                                  _____/s/_____
                                                  ALAN BURCH, D.C. Bar # 470655
                                                  Assistant United States Attorney
                                                  555 4th St., N.W.
                                                  Washington, D.C. 20530
                                                  (202) 514-7204
                                                  alan.burch@usdoj.gov

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Corrected Motion to Dismiss, or in the Alternative, for Summary Judgment, supporting Corrected Memorandum, and Statement of Material Facts, to be served upon *pro se* plaintiff by first class mail addressed to:

> Harry Dewayne Lowe
> R#08637-424
> Rochester FMC
> P.O. Box 4000
> Rochester, MN 55903

on this 5th day of September, 2006.

                                        _____/s/_____
                                        ALAN BURCH, D.C. Bar # 470655
                                        Assistant United States Attorney
                                        555 4th St., N.W.
                                        Washington, D.C. 20530
                                        (202) 514-7204
                                        alan.burch@usdoj.gov