UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HARRY DeWAYNE LOWE, )
    Plaintiff, )
)
v. ) Civil Action No. 06-1133 (CKK)
)
DRUG ENFORCEMENT ADMINISTRATION, )
    Defendant. )

RECEIVED
OCT 0 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**Comes Now,** Harry DeWayne Lowe, Plaintiff, appearing Pro Se, and respectfully enters Plaintiff's opposition for the Court's consideration. Plaintiff offers the following suggestions in support thereof:

**RELEVANT FACTS**

1) On February 04, 2006, Plaintiff filed his first FOIA request with the defendant agency, (Hereandafter, DEA).

2) The DEA never responded to Plaintiff's FOIA requests for agency records.

3) On March 12, 2006, Plaintiff notified Defendant that failure to comply would force Plaintiff to file suit.

4) On April 14, 2006, Plaintiff's original complaint was filed with the district court, Northern District of Illinois, (Eastern Division).

5) On May 18, 2006, the defendant suddenly responded.

6) On June 07, 2006, the district court in Illinois entered an order to transfer the complaint to the District of Columbia and the district of Columbia Court filed it on June 21, 2006.

1

6) On September 01, 2006, the defendant filed a motion to dismiss and for summary judgment.

## ARGUMENT

### I. DISMISSAL SHOULD BE DENIED:

Pursuant to Rule 12(b)(6), dismissal is only available when the complaint completely fails to "State a claim upon which relief can be granted." The record is clear that Plaintiff is entitled to an order from this court enjoining the DEA from improperly withholding agency records. But for, the defendant's willful refusal to comply with, Title 5 USC (a)(6)(A)(i), "time requirements," Plaintiff would not have been forced to seek injunctive relief from this court pursuant to §552(a)(6)(c). See, <u>Judicial Watch v. United States Naval Observatory</u> 160 F. Supp 2d 111, 113 (D.D.C. 2001).

### A. Title 5 §552(a)(6)(A)(i) Violation:

Because the defendant violated the time requirement, Plaintiff was forced to file suit. In fact, the record will show that the defendant did not respond for an additional thirty-eight (38) working days subsequent to suit being filed. Therefore, defendant's argument that dismissal is proper due to "Plaintiff failed to bring an administrative appeal of the DEA denial," (Defendant's Motion, p.5), must be rejected. Defendant's demand for dismissal on the basis that Plaintiff's "failure to appeal is fatal to his case" is without merit. (D's Motion p.6).

2

### B. FUTILITY DOCTRINE APPLIES:

Regardless of the above argument, the notion that an administrative apeal had any chance of success has been flatly denied by the DEA's own admissions in the instant motion by the defendant. Once the defendant has asserted the affirmative defense of "Glomar," it would be unreasonable to expect an administrative appeal to have any liklihood of success. Thus, any perceived need for the exhaustion by appeal would be futile. See, <u>Fraley v. United States Bureau of Prisons</u> 1 F.3d 924 (9th. Cir. 1993)., (Petitioner was not required to pursue administrative appeal when it certainly would have been denied based upon policy).

Therefore, the record, affidavits, and arguments presented by the defendant clearly negates any possible error for the absence of an administrative appeal upon the Glomar defense. The defendant suffered no prejudice as their conduct directly deprived Plaintiff of an administrative appeal prejudicing Plaintiff's request for documents.

### II. DISPUTED GLOMAR RESPONSE NOT PROPERLY SUBJECT TO SUMMARY JUDGMENT:

"Glomar" is a purely legal question. The Defendant is relying on the affirmative defense of Glomar response to sustain its withholding of agency records from Plaintiff.

Because Plaintiff vigorously disputes, contests and objects to the correctness of the agency's defense, a purely legal question is now before the court to resolve. Purely legal questions are not properly subject to quick dismissals or premature summary judgment. This Circuit's precedent stated in <u>Benavides v. Drug Enforcement Admin.</u> 976 F.2d 751 (1992), controls this case, creating grounds to deny Defendant's motion for dismissal at this stage.

A. "NO THIRD PARTY REQUEST:"

The defendant has gone to great lengths to confuse the request for records as a third party request for information, (see, Wassom Decl. ¶22; Defendant's statement of material facts not in genuine dispute. ¶5), when in fact, it clearly is not. The plain reading of the request does not probe into any investigative files or techniques of a law enforcement agency, nor any investigative files or confidentiality/privacy issues of Edwin Rivas. Defendant cites Exemption 7(C) & (D) in support that Plaintiff's request is a third party request for records. The Wassom Declaration contradicts this position when she concedes that Plaintiff's request could be searched in three (3) different DEA financial systems. (See, Wassom Decl. ¶16 thru 19). Therefore, this court must first determine if this is an unauthorized third party request.

B. RIVAS IS A CONFIRMED INFORMANT:

The defendant agency and the United States District Attorneys Office for the Northern District of Illinois have publicly declared and confirmed Edwin Rivas as a confirmed informant who enjoys no blanket privacy protections under exemptions 7(C) or (D) with respect to Plaintiff's original request. The case facts are identical in form, substance and spirit of Benavides, supra. In fact, once the agency publicly declares and identifies a person as a " confirmed informant" the agency is precluded from invoking a Glomar response in subsequent FOIA/PA requests.

Plaintiff has appendid authentic trial transcripts that clearly expose Edwin Rivas to the public as a DEA informant providing this court with genuine evidence contradicting the Defendant's assertions that they may neither "confirm nor deny." Not withstanding this newly presented evidence Plaintiff has separately filed a Rule 56(f) motion to permit discovery in further support of Plaintiff's cause of action. The Wassom declaration has opened the door for interrogatories, admissions and production of certain documents. In addition, Plaintiff has submitted his own affidavit that contests essential points advanced by Defendant creating just cause for the denial of Defendant's motion for summary judgment.

C. SUBSECTION (c)(2) EXCLUSION APPLIES:

Again, Plaintiff relies upon Benavides, supra, to defeat summary judgment at this stage of the proceeding. The defendant deliberately failed to consider and apply the subsection (c)(2) exclusion when seeking to withhold agency records.

The <u>Benavides</u> court condemned such withholding when, "the informant's status as an informant has been officially confirmed." The court admonished the DEA by stating:

> **"It does not say, as the DEA claims, that an agency can invoke or ignore the requirements of FOIA at its pleasure, whether or not an informant's status has been officially confirmed."** at p. 1248

The court further acknowledged that there may be certain records withheld, segregated and redacted, but the existence of the file must be acknowledged. It is Plaintiff's position that a good faith search can be made while acknowledging that perhaps some agency records involving Edwin Rivas will be exempt from disclosure. For instance, if the DEA is presently involved in an investigation where Rivas is being used. But that same exemption would not cover public financial records for the years, 1996 and 1997. See, <u>Campbell v. U.S. Dept. of Justice</u> 164 F.3d 20,33 (D.C. Cir. 1998). (Affirming that an agency can not justify withholding all documents in its files when only a few are properly subject to exemption). As such, a <u>Vaughn</u> index with segregated documents and redactions can be produced in accord with <u>Benavides</u>, supra.

**Wherefore,** Plaintiff earnesly prays that this court will enter an order denying Defendant's motion for dismissal and/or summary judgment, directing the agency to release any and all responsive records.

Dated this 25 day of September 2006

Submitted by: *[signature]* 08/25/06
HARRY D. LOWE
08637-424
FMC ROCHESTER
PMB 4000 B-3
Rochester, MN.
55903-4000

6

EXHIBIT

"A"

```
FROM:  Harry D. Lowe   #08637-424              12 March 2006
       POB 4000   FMC
       Rochester MN   55903

  TO:  DEA   FOIA/PA Section
       230 S. Dearborn Street   Ste 1200
       Chicago  IL  60604

  RE"  violation of §552a(d)   "access to records"
```

Dear DEA,

   On 13 February 2006, your agent signed for my FOIA/PA request for records held by your agency. As I have not recieved any confirmation that you will execute the required searched, I must assume you are denying me access to those requested records.

   In an attempt to mitigate a possible court action, please acknowledge my request by no later than **27 March** 2006, or I will accept the intitial denial as "final".

   Thank you, in advance, for your immediate response to this second submission for agency records.

*Harry D. Lowe*
Harry D. Lowe

attch: request/cert-green card receipt

E X H I B I T

" B "

COUNTY OF WINNEBAGO    )
                       ) ss.
STATE OF ILLINOIS      )

## AFFIDAVIT

I, DOUGLAS L. HOPKINS, depose and state:

1. I am a Special Agent of the Drug Enforcement Administration ("DEA") and have been so employed for the past fourteen years. My duties include investigating violations of Title 21, United States Code, Section 841(a)(1) which, among other things, makes it a federal crime to distribute and possess with intent to distribute controlled substances, including marijuana and cocaine.

2. I was the case agent for the DEA in the investigation leading to the return of the indictment in *United States v. Lowe, et al.*, No. 99 CR 50022 (USDC ND IL WD). As case agent, I was familiar with all aspects of the case including the payment of funds to individuals assisting in the investigation.

3. After being arrested in Nebraska on February 11, 1996, for the illegal possession of marijuana, Edwin Rivas ("Rivas") agreed to assist the government in its investigation into Harry DeWayne Lowe ("Lowe") and others involved in drug trafficking with Lowe. Rivas also agreed to assist the government in investigating other individuals involved in drug trafficking.

4. The Informant Payment Record attached to the Brief in Support of 2255 Petition is an accurate copy of the payment record for Rivas. Three of the payments to Rivas related to DEA case IY-97-0004. This investigation resulted in the arrest of three individuals

on state charges in connection with a delivery of approximately 200 pounds of marijuana. I was the DEA case agent in case IY-97-0004, and the three invidivuals that were charged in that case were never identified by Rivas as having supplied marijuana or cocaine to Lowe. Rivas did not testify for the state in that case. Two of the payments Rivas received related to DEA case IY-96-0004. I have discussed this investigation with the case agent for the DEA in that case, Special Agent Gregg Brotan. Rivas never identified the target of that case as having supplied marijuana or cocaine to Lowe, and Special Agent Brotan advised me that Rivas did not testify in that case. DEA case M6-96-0125 was a case in southern Texas. I have discussed that case with DEA agents in southern Texas in the past. The individuals charged in southern Texas were never identified by Rivas as having supplied marijuana or cocaine to Lowe, and Rivas did not testify for the government in that case.

I certify under penalty of perjury that the foregoing is true and correct. Executed on April 29, 2004. (28 U.S.C. § 1746).

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　DOUGLAS L. HOPKINS
　　　　　　　　　　　　　　　　　　　　　Special Agent
　　　　　　　　　　　　　　　　　　　　　Drug Enforcement Administration

E X H I B I T

" C "

Case 1:06-cv-01133-CKK   Document 7   Filed 10/02/2006   Page 12 of 15

1   sure that the court is aware of it and that when we do call
2   Mr. Lloyd Vincent, there won't be a problem with violating the
3   rule of exclusion of witnesses.
4           MR. CAIN: I'm going to have them leave. There's no
5   reason for them to stay until the tax testimony.
6           THE COURT: All right.
7           MR. MC KENZIE: Thank you, Judge.
8           (The following proceedings were had in open court, in the
9           presence and hearing of the jury:)
10          THE COURT: Good morning. Thank you all for being
11  here. We'll resume.
12          MR. CASEY: Thank you, your Honor.
13          THE COURT: Mr. Casey.
14      EDWIN RIVAS, GOVERNMENT'S WITNESS, PREVIOUSLY SWORN
15                  DIRECT EXAMINATION (Resumed)
16  BY MR. CASEY:
17  Q   Mr. Rivas, you testified yesterday that in addition to
18  arranging cocaine deals between Defendant Lowe and Raul Reyes,
19  as well as a person you knew as Nacho, you also arranged
20  cocaine deals between Defendant Lowe and Gerardo Rivera,
21  correct?
22  A   Yes, sir.
23  Q   Do you recall when the first cocaine deal you arranged
24  between Gerardo Rivera and Defendant Lowe was?
25  A   I don't remember.

UNITED STATES v. LOWE, et al., No. 99 CR 50022 (USDC ND IL WD).

```
 1              (Brief pause.)
 2              THE COURT:  All right.  Raise your right hand.
 3         (Witness duly sworn.)
 4              THE COURT:  Be seated, and speak right into the
 5    microphone.
 6              EDWIN RIVAS, GOVERNMENT'S WITNESS, SWORN
 7                         DIRECT EXAMINATION
 8    BY MR. CASEY:
 9    Q    Sir, could you please state your name and spell your last
10    name for the record?
11    A    Edwin Rivas, R-i-v-a-s.
12    Q    Are you living in the Winnebago County area?
13    A    Yes, sir.
14    Q    How long have you lived in the Winnebago County area?
15    A    Approximately eight years.
16    Q    And prior to that, where did you live?
17    A    Chicago.
18    Q    Did you grow up in Chicago?
19    A    Yes, sir.
20    Q    How old are you?
21    A    Thirty-four.
22    Q    You work for a living, sir?
23    A    Yes, sir.
24    Q    What do you do for a living?
25    A    I'm a truck driver.
```

UNITED STATES v. LOWE, et al., No. 99 CR 50022 (USDC ND IL WD).

## CERTIFICATE OF FILING AND SERVICE

I, Harry D. Lowe, hereby certify that I served each of the following legal documents as set forth below with the clerk of the United States Court, D.C. Circuit, and I further certify that I served a true and correct copy of the following legal documents as set forth below to Assistant United States Attorney, Alan Burch, at 555 4th. St., N.W. Washington, D.C. 20530 on this 25th. day of September 2006 by placing them in a sealed first class pre-paid postage envelope and depositing them in the out going legal mailroom at FMC Rochester.

1) Plaintiff'S opposition to Defendant'S MOTION TO DISMISS:

2) Affidavit of Harry D. Lowe:

3) Plaintiff's motion to defer summary judgment pursuant to Rule 56(f):

4) Plaintiff's first request for production of documents pursuant to Fed.R.Civ.P. Rule 34:

5) Plaintiff's first request for agency admissions pursuant to Fed.R.Civ.P. Rule 36:


Executed this 25th. day september 2006.

I, Harry D. Lowe, declare under the penalties of perjury that the above is a true statement as now required under 28 USC §1746.

Executed by: _____ 09/25/06
HARRY D. LOWE
Reg. No. 08637-424
FMC ROCHESTER
PMB 4000 QTRS B-3
ROCHESTER, MN. 55903-4000