UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HARRY DeWAYNE LOWE,  )
       Plaintiff.    )
                     )
       v.            )   Civil Action No. 06-1133 CKK
                     )
DRUG ENFORCEMENT ADMINISTRATION,  )
       Defendant.    )

RECEIVED
OCT 0 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

AFFIDAVIT OF HARRY DeWAYNE LOWE

1) I am Harry DeWayne Lowe. And being competent to provide testimony upon my personal experience and/or knowledge would provide the following testimony.

2) The substance of this affidavit is of my personal recollection of events directly related to my FOIA request and civil action suit thereon.

3) On February 04, 2006, I submitted a FOIA request with the Drug Enforcement Administration seeking all criminal case numbers and any other public record relating to specific expenditures of public funds paid to DEA informant, Edwin Rivas. My FOIA request identified Edwin Rivas as the recipiant of the public fund request as well as identifying the payment dates, payment amounts and invoice or tracking numbers of each payment to assist the agency, respecfully, in locating responsive documents pursuant to agency Rule at 28 CFR §16.3(b).

4) I submitted my FOIA request with the DEA field office at 230 S.Dearborn St., Chicago, IL., FOIA/PA Section in good faith believing this office to be where those files would be located.

1

Aff. of H.Lowe p.2

5) The agency's willful failure to both acknowledge receipt of my request and notify me that it had been facsimiled to another agency location deliberately deprived me the right to alter, amend or supplement my request.

6) On March 12, 2006, I notified the agency of a possible court action if they would not confirm that my request would be acknowledged and executed no later than March 27, 2006. They declined.

7) On April 07, 2006, I was forced to file suit based upon the agency time requirements violation of §552(a)(6)(A)(i) and improper withholding of agency files thereto.

8) On April 24, 2006, the USDC, N. D. IL., (East. Div.) transferred this case to the USDC, N. D. IL., (West. Div.) in cause 06 C 2111.

9) On April 09, 2006, I filed a first motion requesting that cause 06 C 2111 be transferred to the District of Columbia.

10) on May 18, 2006, approximately six (6) weeks after suit was filed the agency suddenly responded.

11) On May 26, 2006, I filed a second motion pursuant to §1404 requesting transfer from N. D. IL., USDC to the D.C. Court.

12) On June 07, 2006, Judge Philip G. Reinhard transferred this case, cause No. 06-C-2111 to the District of Columbia under 5 USC §552(a)(4)(B), where this district is the proper forum and venue for FOIA cases.

2

Aff. of H. Lowe p.3

13) On June 21, 2006, this case was transferred into this court from USDC N. IL. Case No. 06-C-2111 and entered by the District of Columbia on June 26, 2006 under New Case No. 06-C-1133.

14) On July 18, 2006, the defendant entered its appearance with this court in cause 06-C-1133.

15) On July 27, 2006, the defendant filed a motion for "Briefing Schedule." I did not object to the defendant's self serving convenience in briefing schedule requests.

16) On September 01, 2006, Defendant filed a motion to Dismiss and/or summary judgment based on unknown and otherwise erroneous conclusions and procedures.

## DEFICIENCIES IN DEFENDANT'S REQUEST

17) Defendant's request for dismissal pursuant to Rule 12(b)(6) is erred when, in fact, I clearly stated a claim of improper withholding of agancy records to which I am entitled to injunctive relief. The federal court has exclusive subject matter jurisdiction over both, disputed material facts, and purely legal questions of of law as set forth in this case. Therefore, my complaint against the agency satisfies subject matter jurisdiction pursuant to Rule 12(b)(1).

18) Because the agency violated the time requirements pursuant to Title 5 §552(a)(6)(i), I have been prejudiced in a number of ways, not limited to initial filing costs.

3

Aff. of H.Lowe p.4

19) My right to administrative remedies that otherwise permit a requester to clarify, amend and/or supplement a request was prohibited by the agency's bad faith in not responding to my request. Therefore my request was denied a just, speedy and inexpensive determination of action resulting in unreparable harm.

20) The defendant's declaration of Leila I. Wassom is deliberately silent of my second notice of March 12, 2006 to the agency wherein I clearly state my wishes to proceed yet avoid costly litigation. Moreover, the declaration is replete with one excuse after another for not executing my request regardless of how I might have captioned, defined or clarified it. The declaration is proof that the agency had no intentions of conducting a good faith search therefore making all remedies available to me futile absent judicial review.

21) Contrary to the defendant's declaration regarding third party, my request does not seek, nor is it offensive to any law enforcement techniques or investigative files. Moreover, my request does not probe into any confidential privacy issues of Edwin Rivas.

22) I requested, spicifically, all criminal case numbers relating to seven (7) individual payments equaling $2,900.00 paid to DEA informant Edwin Rivas, who in fact, gave testimony in open trial in cause No. 99 CR 50022 of his informant work for those public monies.

23) DEA Special Agent Douglas Hopkins submitted sworn affidavit testimony on atleast one other occassion that there were atleast three (3) criminal case numbers associated with those payments.

4

Aff. of H. Lowe p.5

24) My request was for public information consistent with the public interest in an open government where there must remain accountability of public funds and procedural fullfilment of duties within the agency regarding the expenditures of said funds.

25) The criminal case numbers I requested remain public record which in and of themself do not describe any individual, nor could any testimony within the case itself reasonably describe any certain individual after appropriate redactions are made. Moreover, everything within the case can be sealed by the court. But the case number itself does not enjoy protection under any exemtption clause found in 7(C) or 7(D).

26) My request is consistent with the very real possibility that exist of agency corruption regarding public funds and the need for accountability in that respect to hold an agency accountable to their procedural rules governing the release of public money and other resources.

27) Unlike the agency declaration of Leila I. Wassom declares at ¶ 16., my request is not ambiguous in the least. As stated above, I specifically requested the criminal case numbers and any other public record information relating to the seven (7) identified payments made to Edwin Rivas. My request more than reasonably describes the records I sought so that any individual with minimal training in an agency FOIA section could execute a search pursuant to Rules contained at 28 CFR §16.3(b).

Aff. of H. Lowe p.6

28) My request sought public records that are maintained by the DEA. There are either three (3) criminal case numbers relating to the seven (7) specific payments identified in my request or there is not. The deliberate bad faith by the agency circumvented the mandatory requirements of the statute that force disclosure of, the production of and the release of the records I have requested.

29) I object to the Wassom Declaration when she has not handled my request personally. Her testimony is merely her own opinion of possibilities and could be's. My request deals with definitive questions and answers. The Wassom declaration can only be relied upon in part. I object to all of her opinionated declaration except to that as stated below: (1) her employment (2); the request was in fact submitted on February 04, 2006 (3); SARO received it via. facsimile February 14, 2006 (4); the agency failed to respond until May 18, 2006 (5); the request seeks public record information and (6); is reasonably described in enough detail to enable personell to locate responsive documents. (See Wassom Decl. at ¶6, ¶7, ¶8, ¶16, ¶15). (affirming agency bad faith).

30) I, Harry D. Lowe, declare under the penalty of perjury that the foregoing is a true and correct statement as now required under 28 USC §1746.

**FURTHER AFFIANT SAYETH NAUGHT**

Dated: September 24, 2006

Executed by: *[signature]*

HARRY D. LOWE
#08637-424
FMC ROCHESTER
PMB 4000 QTRS B-3
ROCHESTER, MN. 55903

6