UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARRY DEWAYNE LOWE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DRUG ENFORCEMENT ADMINISTRATION, )<br>)<br>Defendant. )<br>) | Civil Action No.: 06-1133-CKK |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendant, Drug Enforcement Administration, respectfully files this reply memorandum in support of its corrected motion to dismiss or in the alternative for summary judgment, docket entry no. [6]. Plaintiff, a *pro se* prisoner, sues under the Freedom of Information Act ("FOIA"). As argued in the motion to dismiss, Plaintiff failed to exhaust his administrative remedies and his case should, therefore, be dismissed. Moreover, Plaintiff failed to provide the necessary privacy waiver for the information he sought, which related to a third party, and therefore, the DEA properly responded that it could neither confirm nor deny the existence of any response records.

In opposition to Defendant's dispositive motion, Plaintiff raises only a few points worthy of any response. First, Plaintiff argues that the DEA revealed the identity of the subject of his FOIA request, Edwin Rivas, and therefore the FOIA exemption 7(C) should not be applied to any DEA records that might exist pertaining to Rivas. Plaintiff is unable to support his argument with pertinent case law for the simple reason that his position is not the law. Instead, the case law is clear that the privacy interests of any person whose name may appear in law enforcement

records are not diminished by the person's identity being revealed, even by testifying at the criminal trial of the requester.  See, e.g., Coleman v. FBI, 13 F. Supp. 2d 75, 80 (D.D.C. 1998) (Lamberth, J.); see also Burge v. Eastburn, 934 F.2d 579 (5th Cir. 1991) (Plaintiff "argue[d] that the persons who purportedly gave statements to the FBI have waived their privacy right by testifying about the murder in open court.  This argument is without merit.") (citing DOJ v. Reporters Committee, 489 U.S. 749 (1989)).

Second, Plaintiff argues that he should be excused from exhausting his administrative remedies because the DEA took longer than 20 days to respond to his request.  See Plf. Opp. at 1-3.  These arguments also lack any support in the law because courts do not apply a futility doctrine to the requirement to pursue any avaiable administrative appeal of an agency's FOIA denial.  Furthermore, Plaintiff has not offered any evidence to contradict Defendant's Statement of Material Facts ¶¶ 3 and 5, which explain that the DEA did respond to Plaintiff's FOIA request within two days of receipt by the proper office of that request.  Defendant is, therefore, entitled to a favorable ruling on this issue, according to the standards for summary judgment.

Third, Plaintiff has not filed a responsive statement of material disputes of fact, per Local Rules 7(h) and 56.1.  What Plaintiff filed instead, see docket entry no. [9], is a statement of thirteen[1] unsupported factual assertions that neither correspond to Defendant's Statement of Material Facts, nor cite evidence for support.  This is insufficient to withstand summary judgment.  See SEC v. Banner Fund Int'l, 211 F.3d 602, 616 (D.C. Cir. 2000) ("If the party opposing the motion fails to comply with this local rule, then 'the district court is under no obligation to sift through the record' and should 'instead . . . deem as admitted the moving

---

[1] There are two paragraphs numbered "12."

party's facts that are uncontroverted by the nonmoving party's Rule [7(h)] statement.'").

Fourth, Plaintiff relies heavily on the D.C. Circuit's decision in <u>Benavides v. DEA</u>, 967 F.2d 751 (D.C. Cir. 1992), <u>see</u> Plf. Opp. at 4-6.  Suffice it to say that the <u>Benavides</u> decision offers no support for Plaintiff's position.  Among the many problems with Plaintiff's reliance on the decision is that it did not invalidate the DEA's use of a Glomar response, nor make any finding that the third party had waived his privacy interests by testifying at trial; instead, the Circuit remanded for the District Court to address that question, but Plaintiff has not offered evidence or argumentation sufficient to justify any fact-finding in this case.

Finally, Plaintiff's remaining arguments lack any merit whatsoever.

October 13, 2006                                              Respectfully submitted,

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

         /s/
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

         /s/
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Defendant's Reply in Support of Corrected Motion to Dismiss, or in the Alternative, for Summary Judgment to be served upon *pro se* Plaintiff by first class mail addressed to:

    Harry Dewayne Lowe
    R#08637-424
    Rochester FMC
    P.O. Box 4000
    Rochester, MN 55903

on this 13th day of October, 2006.

        /s/
_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov