UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARRY DEWAYNE LOWE,       )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>DRUG ENFORCEMENT ADMINISTRATION,   )<br>)<br>Defendant.   )<br>) | Civil Action No.: 06-1133-CKK |

**DEFENDANT'S (1) MOTION FOR PROTECTIVE ORDER
AND SUPPORTING MEMORANDUM AND
(2) OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY**

Defendant, Drug Enforcement Administration, respectfully (1) moves for a protective order barring all discovery in this case until further order of the Court, and (2) opposes Plaintiff's motion for discovery, docket entry no. [8].  Plaintiff, a *pro se* prisoner, sues under the Freedom of Information Act ("FOIA").  Plaintiff recently (1) served requests for admission on counsel for Defendant and (2) moved for discovery, pursuant to Rule 56(f).  Because discovery is neither appropriate nor necessary in FOIA cases generally, and not in this case prior to the Court's resolution of Defendant's pending dispositive motion, discovery should not be permitted.

As a general matter, it is clear that discovery is highly disfavored in FOIA cases.  See Public Citizen Health Research Group v. FDA, 997 F. Supp. 56, 72 (D.D.C. 1998), aff'd in part, rev'd in part, 185 F.3d 898 (D.C. Cir. 1999); Katzman v. Freeh, 926 F. Supp. 316, 319 (E.D.N.Y. 1996).  Discovery should be denied altogether if the Court is satisfied from the agency's affidavits that no factual disputes remain.  See, e.g., Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978), vacated in part, reh'g denied, 607 F.2d 367 (D.C. Cir. 1979); Sangs v. U.S. Postal Service,

No. 99-131 (D.D.C. Sep. 27, 2000), aff'd, No. 02-5108 (D.C. Cir. Aug. 6, 2002) ("The district court . . . did not abuse its discretion in denying appellant's motion for discovery[.]").

In addition, Plaintiff's request for discovery should be denied outright for his failure to comply with the requirement in Rule 56(f) that Plaintiff explain, via declaration, the specific factual disputes that necessitate either discovery or denial of summary judgment. Instead, Plaintiff simply requests discovery generally.

For these reasons, Defendant requests entry of a protective order and denial of Plaintiff's motion for discovery. Because Plaintiff is a *pro se* prisoner, he has not been consulted about this motion. Accord LCvR 7(m). A proposed order is attached.

October 13, 2006                                   Respectfully submitted,

 

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

   /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

   /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Defendant's (1) Motion for Protective Order and Supporting Memorandum and (2) Opposition to Plaintiff's Motion for Discovery to be served upon *pro se* Plaintiff by first class mail addressed to:

>Harry Dewayne Lowe
>R#08637-424
>Rochester FMC
>P.O. Box 4000
>Rochester, MN 55903

on this 13th day of October, 2006.

>_____/s/_____
>ALAN BURCH, D.C. Bar # 470655
>Assistant United States Attorney
>555 4th St., N.W.
>Washington, D.C. 20530
>(202) 514-7204
>alan.burch@usdoj.gov