UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
OCT 30 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| HARRY DeWAYNE LOWE, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>DRUG ENFORCEMENT ADMINISTRATION, )<br>Defendant. )<br>) | Civil Action No. 06-1133 CKK |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR PROTECTIVE ORDER.,
AND REPLY TO DEFENDANT'S OPPOSITION TO DISCOVERY

Comes Now, Harry DeWayne Lowe, Plaintiff, appearing Pro Se, in Opposition to Defendant's, (DEA), request for Protective Order., and in response to Defendant's Opposition to discovery, to aver the following for the Court's consideration:

The Defendant, has misled this court by stating, "Plaintiff simply requests discovery generally," [Def. Mot. for Prot. Order], when in fact, very specific, detailed and particularized discovery requests have been served.

In addition, Defendant has not admitted that the Plaintiff filed requests for "Production of Documents" pursuant to, Fed.R.Civ.P. Rule 34, at the same time as the admissions were received. Both requests are a direct result of the Agency's unsupported, vague and evasive declaration in support of their request for summary judgment. Plaintiff believes that the detailed Discovery requests, (Ex. "A" "B"), meet the requirements allowing discovery in FOIA.

1

Defendant's case is completely dissimilar, factually, to any of the caselaw cited in their motion for protective order. Plaintiff believes that the entire record before this court, permit and virtually demand discovery be permitted or in the alternative to permit the agency to file an amended response.

**LEGAL ANALYSIS:**

There is a vast difference between the existence of this court's discretion to permit limited discovery and the Defendant's suggestion that discovery is simply not allowed in FOIA cases.(See, Def. Mot. for Prot. Order at p.1). "Discovery is to be sparingly granted in FOIA actions. Typically, it is limited to investigating the scope of the agency search for responsive documents, the agency indexing procedures and the like." See, Public Citizen Health Research Group v. FDA 997 FS 56, 72 (D.D.C. 1998), citing, SafeCard Services v. SEC. 926 F.2d 1197 (D.D.C. 1992).

Furthermore, Public Citizen, supra, determined that if the Plaintiff can adequately question the Summary Judgment submissions, pointing to genuine material facts in dispute, the discovery would be appropriate. Discovery is not a fishing expedition, but a requirement created by the [Defendant's] summary judgment submissions, pleadings and affidavit. But for, the attatched Wassom declaration relying on unattatched "policy" and unsupported facts, Plaintiff would not need limited discovery to proceed.

2

Plaintiff has properly pointed out how the agency has not met its burden of proving that the requested information is truly exempt from disclosure. See, <u>Public Citizen Health Research Group v. FDA</u> 185 F.3d 898 (D.D.C. 1999). The requester need only prove disputed facts regarding the agency's withholding of information to defeat summary judgment at the early stage. The defendant themself's have drawn this court's attention to, four (4) points, of disputed facts, particular to Plaintiff's discovery requests. (See, Def. Reply in supp. of Mot. to Dismiss.).

The attached discovery requests are detailed, and seek to impugn the Wassom declaration, the presence of agency bad faith for withholding information, the agency's inadequate search and inappropriate claim of exemption[s], and the correctness of the "Glomar Response." See, <u>Voinche v. FBI</u> 412 FS2d 60, 71-72 (D.D.C. 2006). Only when there can be no question as to the defenses, reasons and rational of the Agency's withholding should discovery be denied. Plaintiff points to several such questions in the present record.

Virtually all cases that deny a Plaintiff's request for discovery, do so upon the agency taking the normal steps of a search. For instance, a Vaughn Index identifying withheld documents. See, <u>Schrecher v. US. Dept. of Justice</u> 217 FS2d 29, 35-36 (D.D.C. 2002)., (Discovery is appropriate when Agency has not taken steps to uncover responsive requests).

3

In, <u>Campbell v. US. Dept. of Justice</u> 193 FS2d 29, 35(D.D.C. 2001) discovery was required because "the FBI utterly failed" to demonstrate any steps to locate records. Agency was denied summary judgment and Plaintiff was granted limited discovery.

This court must be thoroughly satisfied that the Agency met its burden proving an adequate search took place, the declaration is based on supported records and the exemption invoked is correct before denying Plaintiff's Rule 56(f) Motion for limited discovery. See, <u>Carney v. US. Dept. of Justice</u> 19 F.3d 807 (2nd. Cir. 1994); <u>Schiller v. INS</u> 205 FS2d 648, 653 (WD Tex. 2002)., ( Discovery is limited to adequacy of search or exemptions).

Plaintiff's attached Exhibits "A" and "B" met the requirements of Fed.R.Civ.P. Rule 56(f). See, <u>Broaddrick v. Executive Off. of the President</u> 139 FS2d 55, 63 (D.D.C. 2001)., (Party must indicate what facts intended to be discovered creating triable issues).

The government's reply and request for protection from discovery has made Plaintiff draw this court's attention to the following deficient records, and either unsupported or disputed facts "creating triable issues." See, <u>Broaddrick</u>, supra.

**PRODUCTION REQUESTS (Ex. "A")**

Production request, #1, is proper as the Wassom declaration at ¶12, relies on "SARO" policy to support summary judgment by defending DEA actions without providing this court with that policy. Failure to attach DEA policy impugns the verocity of the Wassom declaration and should be produced.

4

> #1. Produce a copy of the "SARO" policy/procedures, and/or rules that prevent your agency from processing a request with a facsimile FOIA copy received from an agency field office, as stated and relied upon at ¶12, Wassom Decl.

Production request, #2, is proper as the Wassom declaration cites agency field office operational procedures to defend the agency actions in support of summary judgment when alleging that Plaintiff failed to exhaust administrative remedies. Plaintiff has asserted that the field office intentionally mishandled his FOIA request in bad faith causing him to file suit. Any relied upon policy should be produced.

> #2. Produce all documents relating to the agency field office procedure, obligation and duties in receipt of an FOIA request.

Production of, #3, is proper as the Wassom declaration claims a facsimile was received by SARO but fails to attach that facsimile. That failure impugns the verocity of the declaration and the facsimile copy should be produced. The production is necessary as Plaintiff believes SARO did in fact, receive the original request and not a facsimile on that date.

> #3. Produce a copy of the February 14, 2006 facsimile identified at ¶7, Wassom Decl.

production request, #4, is proper as the Wassom Declaration at ¶7, refers to the "Memorandum" but fails to attach it for the court's review and consideration. All relied upon documents should be produced.

> #4. Produce the memorandum as identified at ¶7, Wassom Decl.

5

Production request, #5, is proper and responds to the Wassom declaration at ¶18, that defends DEA's failure to conduct a search of financial records based on a claim that Plaintiff did not provide certain required information used in, on or for, an invoice. Plaintiff can not provide more information if the DEA does not produce a blank invoice. The DEA is avoiding a reasonable search by not providing a blank invoice which identified the required information.

> #5. Produce a copy of a blank invoice receipt that would be used to pay, log, authorize, submit and/or identify a payment to a DEA informant or witness as relied upon at ¶18, Wassom Decl.

Production request, #6, is proper as the Wassom declaration defends, **Not**, searching the three (3) data banks without providing any description of the different information contained therein. DEA nor Wassom did not search any of these three (3) financial systems yet erroneously blames Plaintiff for not knowing or describing which one to be searched.

> #6. produce any and all documents that identifies, explains and/or describes the following financial systems:
> A. FEDERAL FINANCIAL SYSTEM (FFS)
> B. FIXED ASSET SYSTEM (FAS)
> C. FEDERAL PROCUREMENT DATA SYSTEM (FPDS)

Production request, #7, is proper as to satisfy public interests in the expenditures of public funds while establishing furthermore for record that plaintiff's request is public information not protected by any exemptions and should be produced for this court's consideration.

> #7. Produce a copy of all policies and procedures an agent must follow to authorize the payment of public funds to a citizen, expert witness, and/or confirmed informant.

Production request, #8, is proper as the Wassom declaration relies on unidentified policy, purpose and missions of SARO. In fact, the declaration relies on unknown policy and procedure of SARO to deny a reasonable search and has produced nothing for this court's consideration. The necessary production of SARO policy will further butress the agency bad faith and must be produced.

> #8. Produce all documents that identify "SARO" and its mission.

Production request, #9, is proper as the Wassom declaration at ¶5, relies on alleged SARO policy that are not in the record before the court. Any documents relied upon should be produced.

> #9. Produce the policies, practices and procedures employed by SARO that relate to the search for, processing of and release of information responsive to FOIA/PA requests received by the DEA as identified at ¶5, Wassom Decl.

Production of, #10, is proper as the DEA attributes their failure to timely respond upon the Plaintiff. plaintiff asserts that the field office never provided a forwarding address in violation of policy. The Wassom declaration states that the field office followed policy when they received FOIA request. The production of this policy is required to resolve this dispute.

> #10. Produce agency policy or rules which direct and/or controls the agency field office[s] responsibility to notify the requester of a correct forwarding address for FOIA requests.

All of the above requests for the production of agency policy, procedures and/or material have been cited in the Wassom declaration, pleadings and motions requesting summary judgment but none, however, are presently in the record before this court.

**ADMISSIONS:**

Plaintiff, while not addressing every submitted request for agency admissions draws this court's attention to the most critical of the admissions to illustrate the need for limited discovery required to establish a factual record, not in dispute.
The court will realize that Plaintiff has not served a, "general request", but has only responded to disputed factual issues and unresolved questions created within the DEA submissions and declaration that require discovery to resolve. While some of the propounded, "admissions" sought to establish facts for trial, others will create material disputes or information leading to admissable evidence during a subsequent trial. For instance, certain defenses that the DEA is now asserting are not supported by their vague factual resitations. Clarification of the DEA's fuzzy facts and contradicting statements require limited discovery

> Adm. #1. "That the DEA keeps the identity of certain informants secret and does not require them to testify in public trial."

This admission is necessary as the DEA defense fails to distinguish its policies and exemptions on secret informants verses publically confirmed persons who assisted in a case. Plaintiff asserts that the public conformation changes the applicable exceptions available in withholding information. For instance, the DEA asserts

exemption 7(c) and "Glomar" justifies withholding Plaintiff's request for public fund expenditures. (Def. reply pp. 1, 3.), but that factual assertion depends on whether Rivas is a secret informant or a publically confirmed informant as stated in Plaintiff's opposition to summary judgment, (pp. 5-6, part B, C). Therefore, admissions relating to informant status and DEA policies should be answered as stated in ##1, 2, 7, 8, 10, 11, 12, 14.

    Adm. #3. " That DEA informants are paid with public funds from tax dollars."

This admission is necessary as the DEA seeks to withhold its payment records for public trial testimony of government witnesses by asserting privacy issues and "Third Party Request" wavers preclude the disclosure(Def. Mot. Sum. Jdg. pp. 9, 10; Def. Reply pp. 1, 2). As Plaintiff seeks governmental accountability on public fund expenditures this admission should be answered.

    Adm. #4. "That the agency field office failed to follow policy and notify requester that his FOIA request had been facsimiled."

This admission is necessary as the DEA repeatedly asserts that Plaintiff failed to file his request at the proper agency address (See, Wassom Decl.) and that the DEA complied with the time requirements of §552(a)(6)(A)(i) because the DEA only is required to begin a search upon the receipt of an original request(Pltf. Opp. pp. 2,3). The agency has failed to attach policy that controls a field office receipt of FOIA requests. (See, Pltf. Prod. req. #2) making this factual admission a key triable issue. Also, Plaintiff has asserted that the field office's three (3) month delay in mailing Wassom an original can not be within policy. Two (2) material facts are now

9

in dispute regarding whether policy was followed. the three(3) month delay being one, and the ten-day delay alleged in facsimiling the initial FOIA request. Both of the above disputed facts are triable issues requiring an answer to admission #4.

> Adm. #5. "That the agency field office failed to notify requester of his right to clarify, amend and/or supplement his request.

This admission is necessary as the DEA asserted that a search could not be performed because Plaintiff's request did not have specific information didn't identify which financial data bank(Pltf. Prod. ## 5,6,7) would contain the public fund expenditures of payments made to confirmed informants like Edwin Rivas. The DEA repeatedly urges dismissal of this suit based on Plaintiff's failure to exhaust administrative remedies, but that affirmative defense should be rejected when the DEA created obstructions to Plaintiff's request for information. ¶552 requires that the agency notify a requester of any discrepancy allowing requester an opportunity to amend and/or clarify his request for records. This admission thould be amswered as it creates triable issues.

> Adm. #6. "That the agency did not respond to the FOIA request until after suit was filed in Case No. 06-C-2111, now, 06-1133.

This admission is necessary as the DEA has heavily relied upon the notion that Plaintiff has not exhausted administrative remedies (Def. Reply p. 2) and that the DEA has intentionally concealed the second, March 12, 2006-letter(Pltf. Opp., Ex "A") attempting to exhaust administrative remedies before filing suit. It is important that this court take instant notice of the DEA's skullduggery on this

Exhuastion issue. The DEA falsly claims that the May 18, 2006-Response proceeded Plaintiff's filing in court. But the DEA's deceit rests upon the June 21, 2006-Transferred file date when the complaint reached the D.C. Court. This completely hides the actual April 14, 2006 file date of suit in the Illinois District Court. This admission should be answered because the DEA's response date is a triable issue. Therefore, any affirmative defense on Plaintiff's failure to exhaust administrative remedies is firmly defeated in and by the answering of this admission.

The DEA reply has also misstated critical facts regarding the pleadings and record now before the court. First, the DEA incorrectly asserts that "7(C) should not be applied to any DEA records that might exist pertaining to Rivas"(Def. Reply p.1). Plaintiff has clearly agreed that exemption 7(C) may apply to some records, but objects to the DEA's denial of every document. Plaintiff clearly supported this position with the law(See, Pltf. Opp.p. 6). See, Campbell v. Dept of Justice 164 F.3d 20,33 (D.C. Cir. 1998). (Affirming that an agnecy can not justify withholding all documents in its files when only a few are properly subject to exemption). It is up to this court to determine which records are subject to disclosure, not the agency precluding summary judgment.

Second, the DEA completely misstates Plaintiff's position when asserting that, "the DEA took longer than 20 days to respond to his request See Plf. Opp.at 1-3"(Def. Reply p.2). Nowhere in those cited pages is this "excuse" ever stated. What is discussed, points to the DEA's failure to comply with the statute and then their

11

subsequent "Glomar" defense. As previously discussed with admission #6, is the fact that the DEA did not respond prior to Plaintiff filing suit on April 14, 2006. The attachments also demonstrate Plaintiff attempted to avoid suit by and through his March 12, 2006-letter(Pltf. Opp. Ex."A"), extending the time to reply to "March 27, 2006. Any reliance on the 20 day late issue is nonesense.

Plaintiff also pointed out that a "Glomar" defense in withholding documents makes any exhaustion requirement futile. It defies any legal argument to require Plaintiff to appeal something that he has no right to receive. In fact, Plaintiff believes that once a "Glomar" defense is asserted by a defendant agency than limited discovery should always be granted if reasonable questions exist as to the informant's status; i.e. secret of publically confirmed informant. Because, the plaintiff and defendant have offered completely opposite position of law involving disputed issues a material fact, summary judgment must be denied on the exhaustion issue.

Third, the defendant has suggested that Plaintiff's listing of disputed material facts "fails to comply with the local rule" (Def. p. 2). As Plaintiff is a none lawyer, he seeks to correct the technical none compliance with local rule 7(h) and 56.1 by submitting the "."Plaintiff's amended listing of disputed material facts" which merely cites the record for the court's convenience. Pro Se litigants are not to be held to the strict standard of attorneys excusing this oversite.

Fourth, the defendant's suggestion "that the Benavides decision offers no support for Plaintiff's position" (Def. Reply p.3), is pattently absurd. Plaintiff agrees that the case does not invalidate DEA's use of Glomar, but Plaintiff does rely on Benavides' clear exception under subsection (c)(2) to support the release of agency records(Pltf. Opp. pp.5,6). Again, the DEA has intentionally misled this court and confused Plaintiff's legal positions in an effort to obtain a quick dismissal. The notion that Benavides has been overturned or is inapplicable is without merit.

This issue also relates to and provides support against the DEA's prior defense that privacy issues under exemption 7(C) forbid any disclosure of agency record for confirmed informants' when in fact Benavides demands limited discovery, an adequate search, and/or Vaghn index identifying segregated documents and other redacted materials. Benavides prevents the agency from withholding every single document in the record under (C)(2).

WHEREFORE, Plaintiff earnestly prays that the DEA's request for a protective order and request for summary judgment be denied, and further prays that this court will enter an immediate order granting limited discovery as the record before this court deems necessary.

Dated October 22, 2006

Submitted by: /s/ *signature*

HARRY D. LOWE
Reg. No. 08637-424
FMC ROCHESTER
PMB 4000 QTRS B-3
ROCHESTER, MN.55903-4000

C.C. ALAN BURCH

CERTIFICATE OF FILING AND SERVICE

I, Harry D. Lowe, hereby declare that served the following legal documents as set forth below with the U.S. District Court D.C. Circuit and served a true copy to AUSA Allan Burch as set forth below in cause No. 06-1133 on this 25 day of October 2006 by placing each in a pre paid first class postage envelope and depositing them each to the outgoing mailroom at FMC Rochester. I, Harry D. Lowe declare under the penalty of perjury that the above is a true statement pursuant to 28 USC §1746.

| | |
|---|---|
| CLERK OF THE COURT<br><br>DISTRICT OF COLUMBIA<br>333 CONSTITUTION AVE. N.W.<br>WASHINGTON, D.C. 20001<br><br>ALAN BURCH, (AUSA)<br>555 4th. STREET N.W.<br>WASHINGTON, D.C. 20530 | Plaintiff's opposition to Defendant's Request for Protective Order, and Reply To Defendant's Opposition to Discovery:<br><br>Plaintiff's Amended List of Disputed Material Facts Pursuant to Local Rules 7(h) And 56.1 |

Dated: 10/25/2006

Declared by: /s/ H.D.L.

HARRY D. LOWE
Reg. No. 08637-424
FMC ROCHESTER
PMB 4000 QTRS B-3
ROCHESTER, MN. 55903