UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| HARRY DeWAYNE LOWE, <br>     Plaintiff. <br><br> v. <br><br> DRUG ENFORCEMENT ADMINISTRATION, <br>     Defendant. | Civil Action No. 06-1133 CKK <br><br> Request for production of documents Pursuant to Fed.R.Civ.P. Rule 34 |

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, Harry D. Lowe, request Defendant-DEA to respond within thirty (30) days of service to this request to produce and copy all douments as set forth below, etc. pursuant to Fed.R.Civ.P. Rule 34.

The following identified items are believed to be in the possession, custody or control of Defendant agency, either on computer disc or in existing files and are relevant to the subject matter of this action and are reasonably calculated to lead to the discovery of admissible evidence in this action.

Plaintiff agrees to pay the costs of reasonable and fair market costs of research, duplication of the responsive production of documents produced, and will prepay final costs and mailing upon cotice of Defendant. Defendant shall notify Plaintiff is the costs are to exceed $100.00. Plaintiff is incarcerated and appears Pro Se, unable to visit Defendant's place of business. Plaintiff will promptly comply in same courtesy pursuant to the rules of the court.

1                                                              EXHIBIT
                                                                  "A"

**PLAINTIFF'S REQUESTS ARE AS FOLLOWS:**

1) Produce a copy of the "SARO" policy/procedures, and/or rules that prevent your agency from processing a request with a facsimile FOIA copy received from an agency field office, as stated and relied upon at ¶12, Wassom Decl.

2) produce all documents relating to the agency field office procedure, obligation and duties in receipt of an FOIA request.

3) Produce a copy of the February 14, 2006 facsimile identified at ¶7, Wassom Decl.

4) Produce the Memorandum as identified at ¶7, Wassom Decl.

5) Produce a copy of a blank invoice receipt that would be used to pay, log, authorize, submit and/or identify a payment to a DEA informant or witness as relied upon at ¶18, Wassom Decl.

6) Produce any and all documents that identifies, explains and/or describes the following financial systems:
    A. FEDERAL FINANCIAL SYSTEM (FFS)
    B. FIXED ASSET SYSTEM (FAS)
    C. FEDERAL PROCUREMENT DATA SYSTEM (FPDS)

7) Produce a copy of all posicies and procedures an agent must follow to authorize the payment of public funds to a citizen, expert witness, and/or confirmed informant.

8) Produce the all documents that identify "SARO" and its mission.

9) produce the policies, practices and procedures employed by SARO that relate to the search for, processing of and release of information responsive to FOIA/PA requests received by the DEA as identified at ¶5, Wassom Decl.

10) Produce agency policy or rules which direct and/or controls the agency field office[s] responsibility to notify the requester of a correct forwarding address for FOIA requests.

Dated: September 24, 2006

09/25/06

Submitted by: [signature]

HARRY D. LOWE
Reg. No. 08637-424
FMC ROCHESTER
PMB 4000 QTRS B-3
ROCHESTER, MN.
55903-4000

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HARRY DeWAYNE LOWE, )<br>     Plaintiff. )<br>)<br>     v. )<br>)<br>DRUG ENFORCEMENT ADMINISTRATION, )<br>     Defendant. )<br>) | Civil Action No. 06-1133 CKK<br>Request for admissions pursuant<br>to Fed.R.Civ.P. Rule 36 |

PLAINTIFF'S FIRST REQUEST FOR AGENCY ADMISSIONS

Plaintiff, Harry D. Lowe, requests Defendant-DEA, to respond within thirty (30) days after service of this request to make the following admissions for the purposes of this action only and subject to all pertinent objections to admissibility which may be interposed at trial:

DOES THE DEA ADMIT OR DENY THE FOLLOWING:

1) That the DEA keeps the identity of certain informants secret and does not require them to testify in public trials.

ANSWER:

2) That the DEA does require certain paid informants to provide public trial testimony and does not keep those identities secret.

ANSWER:

3) That DEA informants are paid with public funds from tax dollars.

ANSWER:

EXHIBIT
"B"

1

4) That the agency field office failed to follow policy and notify requester that his FOIA request had been facsimiled.

ANSWER:

5) That the agency field office failed to notify requester of his right to clarify, amend and/or supplement his request.

ANSWER:

6) That the agency did not respond to the FOIA request until after suit was filed in Case No. 06-C-2111, now, 06-1133.

ANSWER:

7) That Edwin Rivas was used and required to testify in open trial.

ANSWER:

8) That Edwin Rivas is a confirmed paid informant.

ANSWER:

9) That a criminal case number would be information contained in relation to expenditures and payments made to DEA informants.

ANSWER:

10) That Edwin Rivas was paid for his testimony in public criminal case No. 99 CR 50022.

ANSWER:

11) That Edwin Rivas was also paid by another agency for his assistance in Case No. 99 CR 50022.

ANSWER:

2

12) That Edwin Rivas was required by the DEA to testify in more than one trial.

ANSWER:

13) That an informant is sometimes paid by multiple agencies.

ANSWER:

14) That Edwin Rivas was paid for his cooperation and assistance in Case No. 99 CR 50022.

ANSWER:

15) That the DEA paid one or more informants for their assistance, cooperation and/or testimony in Criminal Case No. 99 CR 50022.

ANSWER:

16) That Douglas Hopkins was the case DEA agent of Criminal Case No. 99 CR 50022.

ANSWER:

Dated: September 24, 2006

08/25/06

Submitted by: *[signature]*

HARRY D. LOWE
Reg. No. 08637-424
FMC ROCHESTER
PMB 4000 QTRS B-3
ROCHESTER, MN. 55903

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARRY DeWAYNE LOWE<br>  Plaintiff,<br><br>  v.<br><br>DRUG ENFORCEMENT ADMINISTRATION,<br>  Defendant. | ) Civil Action No. 06-1133 CKK<br>)<br>) Plaintiff's Amended List of<br>) disputed facts per. LCVR 56.1<br>) |

PLAINTIFF'S AMENDED LIST OF DISPUTED MATERIAL FACTS
PURSUANT TO LOCAL RULES 7(h) AND 56.1

Comes Now, Harry D. Lowe, Pro Se, to respectfully file this amended list of disputed facts in response to Defendant's objections to the prior list(Doc. #9) for ommision of citations to the record, therein.

1) Defendant did not respond to Plaintiff's request until after suit was filed. (Pltf. Opp. Ex. "B"; See, Dist. of IL. Doc. #1, 06-cv-2111, Chicago; Comp. Ex. "C & D").

2) The agency never responded to Plaintiff's request. (Complaint pp. 1, 2 Ex. "A thru D").

3) DEA's defense that Plaintiff's request was not "properly filed" until the field office mailed SARO the original copy is in dispute(Def. Mot. SJ p. 5; Wassom Decl.). Plaintiff has requested that the DEA produce SARO policy(Pltf. R.56(f)).

4) Whether Plaintiff's request for public fund expenditures is a third party request. (Def. Mot. p. 9; Pltf. Opp. p. 4,5).

5) Whether Edwin Rivas is a confirmed paid DEA informant. (Def. SJ pp 6,7, Pltf. Opp. pp. 5,6 Ex. "C"; Def. reply p.3).

6) Whether DEA's "Glomar" response is proper to this action. (Def. SJ pp. 6,7, Pltf. Opp. pp. 5,6 Ex. "C"; Def. Reply pp. 1,2).

7) Whether "Glomar" is a question of law or question of fact precluding summary judgment.(Def. SJ pp.6,7, Pltf. Opp. pp. 5,6, Ex. "C"; Def. Reply pp.1,2).

8) Whether Defendant acted in bad faith in mishandling the original FOIA request; failed to conduct an adequate search; and whether the Wassom declaration is unreliable. (Def. Mot. SJ pp. 10 thru 12, Pltf. R. 56(f); Pltf. Opp. pp. 2,3, and 6; Def. Reply p. 2; Def. Mot. Protect pp. 1,2).

9) Whether the record before the court is incomplete prejudicing Plaintiff's ability to respond. (Wassom Decl. without attachments of relied upon policy; Pltf. Mot. R. 56(f); Pltf. Mot. for protection).

10) Whether the DEA is required to disclose records of public fund payments to trial witnesses. (Comp. pp. 1,2; Def. Mot. SJ pp. 10,11; Wassom Decl.; Pltf. R. 56(f) Mot. Pltf. Opp. pp.4,5).

11) Whether Benavides requires disclosure pursuant to 7(c)(2). (Def. Mot. SJ pp. 6 thru 9; Pltf. Opp. pp. 5,6; Def. Reply pp.1,3).

12) Whether criminal case numbers related to trial testimony payments is public information.( Def. mot. SJ p.7; Wassom Decl.; Pltf. Opp. p. 4).

13) Whether DEA failed to conduct a reasonable search in the three financial data banks identified in the Wassom declaration. (Pltf. R.56 (f); Pltf. Mot. for Adm. Pltf. Mot. for Prod.

Dated: October 24, 2006

Submitted by: *[signature]*

HARRY D. LOWE
Reg. No. 08637-424
FMC ROCHESTER
PMB 4000 QTRS B-3
ROCHESTER, MN. 55903

C.C. ALAN BURCH

3