UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HARRY DEWAYNE LOWE,

    Plaintiff,

     v.

DRUG ENFORCEMENT
ADMINSTRATION,

    Defendant.

Civil Action No. 06–1133 (CKK)

**MEMORANDUM OPINION**
(July 22, 2007)

      Plaintiff Harry DeWayne Lowe, proceeding *pro se*, filed a Complaint seeking a response

to the Freedom of Information Act ("FOIA") request he submitted to the Chicago office of the

Drug Enforcement Administration (hereinafter "DEA") on February 4, 2006.  Compl.[1] ¶ 1, Ex. A

(2/4/06 FOIA Request).  Plaintiff alleges that the DEA improperly withheld documents and

agency files by failing to respond to his request within the twenty-day deadline set forth in the

FOIA statute, enabling him to file suit in federal court rather than pursue administrative

remedies.  Compl. ¶¶ 3-4.

      Presently before the Court is Defendant DEA's [5] Motion to Dismiss or in the

Alternative for Summary Judgment, which is now fully briefed.  Defendant argues in part that

Plaintiff did not exhaust his administrative remedies.  Def.'s [5] Mot. at 1.  Based on the

aforementioned filings, the Complaint, and the relevant statutes and case law, the Court finds that

---

[1]  Plaintiff's Complaint and the attachments thereto are located on pages 23-31 of the [1]
Transferred Documents filed with the Court in this case.

Plaintiff has not exhausted his administrative remedies as required pursuant to FOIA and

accordingly shall GRANT Defendant's [5] Motion to Dismiss or in the Alternative for Summary

Judgment.

## I.  BACKGROUND[2]

Plaintiff is an inmate at the Federal Medical Center in Rochester, Minnesota.  Plaintiff

submitted a FOIA request dated February 4, 2006, and mailed on February 6, 2006, to the

Chicago office of the DEA seeking records related to payments made to Edwin Rivas, an

informant at his criminal trial.  Compl.,[3] Ex. A (2/4/06 FOIA Request); Pl.'s Aff. ¶¶ 3, 4; Def.'s

Stmt. of Facts ¶ 1.  Specifically, Plaintiff requested "[a]ll public information, including but not

limited to, all criminal case and file numbers relating to the following [seven] payments made to

one, Edwin Rivas."  Compl., Ex. A (2/4/06 FOIA Request); Pl.'s Aff. ¶ 3; Def.'s Stmt. of Facts ¶

1.  On March 12, 2006, having received no response from Defendant, Plaintiff sent a letter to the

same DEA Chicago address indicating that he had not received any response and threatening

possible court action.  Compl., Ex. C (3/12/06 Letter); Pl.'s Aff. ¶ 6.  On April 14, 2006, in the

absence of a response from the DEA, Plaintiff filed suit *pro se* in the United States District Court

for the Northern District of Illinois (Eastern Div.) seeking release of the documents.  *See* [1]

Transferred Documents at 2.  On May 2, 2006, Judge Milton I. Shadur transferred the case to

Judge Philip C. Reinhard of the United States District Court for the Northern District of Illinois

---

[2]  Based on the Parties' filings, *see infra* n.3, the following facts are not in dispute.

[3]  As Plaintiff did not provide any direct response to Defendant's Statement of Material Facts Not in Genuine Dispute as required by the Local Civil Rules of this Court, *see* Local Civil Rule 56.1, the Court shall nonetheless cite to Plaintiff's Complaint and statements made in his Opposition and Affidavit to discern his position with respect thereto.

(Western Div.), where Plaintiff had been convicted. *See* [1] Transferred Documents at 3, 19-21. On May 4, 2006, and again on May 26, 2006, Plaintiff moved to transfer this case to the United States District Court for the District of Columbia. [1] Transferred Documents at 3; Pl.'s Aff. ¶¶ 9, 11. Judge Reinhard granted Plaintiff's motion, transferring the case to this Court. [1] Transferred Documents at 4; Pl.'s Aff. ¶¶ 12-13.

Meanwhile, the Chicago office of the DEA faxed a copy of Plaintiff's February 4, 2006 request to the DEA's Freedom of Information Operations Unit (hereinafter, "SARO") on February 14, 2006. Def.'s Stmt. of Facts ¶ 2 (citing attached Declaration of Leila I. Wassom, DEA Paralegal Specialist (hereinafter "Wassom Decl.") ¶ 7). However, the original copy of Plaintiff's request containing Plaintiff's signature was forwarded from the Chicago office of the DEA and received by SARO on May 16, 2006. Def.'s Stmt. of Facts ¶ 3 (citing Wassom Decl. ¶ 7). *See also* Wassom Decl. ¶ 12 ("The SARO practice is to respond to and work from the original copy of the request. The original request is the only means of identifying the requester by the signature, and the content of the request."). On May 18, 2006, two days after SARO received Plaintiff's original FOIA request, it issued a Glomar response (refusing to either admit or deny the existence of the information requested) to Plaintiff that specifically informed Plaintiff of his right to administratively appeal the response. Def.'s Stmt. of Facts ¶ 5; Wassom Decl. ¶ 8, Ex. B (5/18/06 SARO Letter); Pl.'s Aff. ¶ 10. Plaintiff never filed an administrative appeal of SARO's response. Def.'s Stmt. of Facts ¶ 6; Pl.'s Opp'n at 3.

On September 1, 2006, Defendant filed its [5] Motion to Dismiss or in the Alternative for Summary Judgment. On October 2, 2006, Plaintiff filed an Opposition. On October 13, 2006, Defendant filed a Reply, such that Defendant's Motion is now ripe for adjudication by the Court.

3

## II.  LEGAL STANDARD

*A.        Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)*

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007) (per curiam).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Id*. at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp*., 127 S. Ct. at 1965 (citations omitted).  Hence, although "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is impossible, and 'that a recovery is very remote and unlikely,'" *id*. (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)), the "threshold requirement" of Fed. R. Civ. P. 8(a)(2) is "that the 'plain statement' possess enough heft to 'sho[w]' that the pleader is entitled to relief,'" *id*. at 1966 (quoting Fed. R. Civ. P. 8(a)(2)).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations.  *In re United Mine*

4

*Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). While the court must construe the Complaint in the Plaintiff's favor, it "need not accept inferences drawn by the plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Comm'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Moreover, the court is not bound to accept the legal conclusions of the non-moving party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997). The court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993). Factual allegations in briefs of memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint. *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994); *cf. Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (when a motion to dismiss is based on the complaint, the facts alleged in the complaint control).

      B.    *Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56*

     A party is entitled to summary judgment if the pleadings, depositions, and affidavits demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). Under the summary judgment standard, Defendant, as the moving party, "bears

5

the initial responsibility of informing the district court of the basis for its motion, and identifying

those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue

of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Plaintiff, in response to

Defendants' motion, must "go beyond the pleadings and by [its] own affidavits, or by the

'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts

showing that there is a genuine issue for trial.'" *Id.* at 324.  Although a court should draw all

inferences from the supporting records submitted by the nonmoving party, the mere existence of

a factual dispute, by itself, is not sufficient to bar summary judgment.  *See Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  To be material, the factual assertion must be capable

of affecting the substantive outcome of the litigation; to be genuine, the issue must be supported

by sufficient admissible evidence that a reasonable trier-of-fact could find for the nonmoving

party. *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987); *Liberty Lobby*, 477

U.S. at 251-52 (the court must determine "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law").  "If the evidence is merely colorable, or is not sufficiently probative,

summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (internal citations

omitted).  "Mere allegations or denials of the adverse party's pleading are not enough to prevent

the issuance of summary judgment." *Williams v. Callaghan*, 938 F. Supp. 46, 49 (D.D.C. 1996).

The adverse party "must do more than simply show that there is some metaphysical doubt as to

the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986).  Instead, while the movant bears the initial responsibility of identifying those portions of

6

the record that demonstrate the absence of a genuine issue of material fact, the burden shifts to

the non-movant to "come forward with 'specific facts showing that there is a *genuine issue for*

*trial*.'" *Id.* at 587 (citing Fed. R. Civ. P. 56(e)) (emphasis in original).[4]

### III. DISCUSSION

A.      *FOIA's Exhaustion of Administrative Remedies Requirement*

In a FOIA case, exhaustion of administrative remedies is generally required before a party

can seek judicial review of a FOIA-related withholding. *See, e.g.*, *Spannaus v. U.S. Dep't of*

*Justice*, 824 F.2d 52, 58 (D.C. Cir. 1987); *Dettmann v. U.S. Dep't of Justice*, 802 F.2d 1472,

1477 (D.C. Cir. 1986); *Stebbins v. Nationwide Mut. Ins. Co.*, 757 F.2d 364, 366 (D.C. Cir. 1985);

*see also Pollack v. U.S. Dep't of Justice*, 49 F.3d 115, 118 (4th Cir. 1995) (holding that a

plaintiff "may generally seek judicial review of his FOIA request only after he has exhausted all

administrative remedies"). The exhaustion requirement is not jurisdictional because FOIA does

not unequivocally make it so. *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003). However,

"as a jurisprudential doctrine, failure to exhaust [administrative remedies] precludes judicial

review if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a

bar." *Id.* at 1258-59 (citing *Oglesby*, 920 F.2d at 61); *Taylor v. Appleton*, 30 F.3d 1365, 1367-68

& n.3 (11th Cir. 1994) (concluding that exhaustion, although not jurisdictional, is a "condition

precedent" to filing suit). This Circuit has held that "FOIA's administrative scheme favors

---

[4] Pursuant to the Court's discussion below of exhaustion of administrative remedies as a jurisprudential doctrine rather than a jurisdictional doctrine, the Court could treat Defendant's motion as either a Rule 12(b)(6) motion for failure to state a claim or as a motion for summary judgment under Rule 56. In light of the Court's consideration of materials beyond the Complaint itself, including Defendant's Statement of Material Facts and Plaintiff's Affidavit in support of his Opposition, the Court shall grant Defendant's Motion pursuant to Rule 56.

treating failure to exhaust as a bar to judicial review" and that allowing parties to pursue judicial

review under FOIA without exhausting administrative remedies would undercut the purposes of

exhaustion. *Hidalgo*, 344 F.3d at 1259.

FOIA specifically provides for an administrative appeal process following an agency's

denial of a FOIA request. After receiving a FOIA request, an agency is required to:

> (i) determine within 20 days (excepting Saturdays, Sundays, and legal public
> holidays) . . . whether to comply with such request and shall immediately notify
> the person making such request of such determination and the reasons thereof, and
> of the right of such person to appeal to the head of the agency any adverse
> determination; and
>
> (ii) make a determination with respect to any appeal within twenty days
> (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such
> appeal. If on appeal the denial of the request for records is in whole or in part
> upheld, the agency shall notify the person making such request of the provisions
> for judicial review of that determination under paragraph (4) of this subsection.

5 U.S.C. § 552(a)(6)(A)(i)-(ii). Where an agency has entirely failed to respond to a request

within the statutory deadlines, if the agency replies before the requester files suit, the exhaustion

requirement still applies. *See Judicial Watch v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003)

(citing *Oglesby*, 920 F.2d at 64-65). However, if the agency fails to comply with these time

limits, the person making the request "shall be deemed to have exhausted his administrative

remedies," also deemed "constructive exhaustion." 5 U.S.C. § 552(a)(6)(c). The constructive

exhaustion principle has evolved to ensure timely responses to FOIA requests, but it is not

designed to replace an agency's authority with judicial decision making. *Oglesby*, 920 F.2d at 64

n.8 ("Congress adopted the time limit provision in the FOIA in order to contribute to the fuller

and faster release of information. . . . [the court] doubt[s] that, having provided for an

administrative appeal process with a short deadline, Congress could have intended that this

8

process could be superseded by judicial review solely because the initial agency response to the

FOIA request was delinquent." (internal citation omitted)).  Thus, a finding of constructive

exhaustion is not appropriate where it would be "contrary to 'orderly procedure and good

administration' and unfair 'to those who are engaged in the tasks of administration' to decide an

issue which [an agency] never had a fair opportunity to resolve prior to being ushered into

litigation." *Dettmann*, 802 F.2d at 1476 (quoting *United States v. Tucker Truck Lines*, 344 U.S.

33, 36-37 (1952)).

> B.     *Plaintiff Never Properly Submitted a FOIA Request and Has Otherwise Failed to
>        Exhaust His Administrative Remedies*

Two requirements must be met in order for a FOIA request to be proper: (1) the request

must "reasonably" describe the records sought, and (2) it must be "made in accordance with

published rules stating the time, place, fees (if any), and procedures to be followed."  5 U.S.C. §

552(a)(3)(A).  The procedural requirements for making a FOIA request of the DEA, a component

of the Department of Justice, are set forth in 28 C.F.R. § 16.3(a) as follows:

> a request should be sent to the component's FOIA office at the address listed in appendix
> I to part 16.  In most cases, [a] FOIA request should be sent to a component's central
> FOIA office.  . . .  If [a requestor] cannot determine where within the Department to send
> [his] request, [he] may send it to the FOIA/PA Mail Referral Unit, Justice Management
> Division, U.S. Department of Justice, 950 Pennsylvania Avenue, NW., Washington, DC
> 20530-0001.  . . . [The] request will be considered received as of the date it is received by
> the proper component's FOIA office.

28 C.F.R. § 16.3(a).  Appendix I, cited in 28 C.F.R. § 16.3(a), identifies the appropriate recipient

for DEA FOIA inquiries as "Drug Enforcement Administration, U.S. Department of Justice,

Washington, DC 20537-0001."  28 C.F.R. part. 16, app. I, subsection c.

In the instant case, Plaintiff claims that he constructively exhausted his administrative

remedies because Defendant did not respond to his request until thirty-eight days after he had

filed suit, which was more than twenty days after he submitted his FOIA request.  Compl. ¶ 4;

Pl.'s Opp'n at 2.  Plaintiff does not claim to have actually engaged in the administrative appeals

process.  *See* Def.'s Mem. for Summ. J. at 5; Pl.'s Opp'n at 3.  Although Plaintiff is correct that

taking three months to process a properly submitted FOIA request would trigger constructive

exhaustion, Plaintiff's request was *not* properly submitted because it was sent to the Chicago

office of the DEA rather than either "Drug Enforcement Administration, U.S. Department of

Justice, Washington, DC 20537-0001" as set forth in 28 C.F.R. part. 16, app. I, subsection c, or

"FOIA/PA Mail Referral Unit, Justice Management Division, U.S. Department of Justice, 950

Pennsylvania Avenue, NW., Washington, DC 20530-0001," as set forth in 28 C.F.R. § 16.3(a).

Omitting one of the two threshold requirements for a proper FOIA request–that it abide by

procedural guidelines–warrants dismissal.  *See Kessler v. United States*, 899 F. Supp. 644, 645

(D.D.C. 1995) (When a plaintiff "did not address and mail his FOIA request to the office of the

official who [was] responsible for the control of the records requested," he "failed to follow the

procedures set forth in the [agency] regulations" and "failed to make a proper request under the

FOIA and therefore [ ] failed to exhaust his administrative remedies" such that "his complaint

must be dismissed."); *Thorn v. Soc. Security Admin.*, Civ. No. 04-1282, 2005 U.S. Dist. LEXIS

11895 at *9 (D.D.C. June 11, 2005) ("A FOIA request sent to the wrong office is subject to

dismissal for the requester's failure to exhaust administrative remedies.").  *See generally Church*

*of Scientology of Cal. v. IRS*, 792 F.2d 146, 150 (D.C. Cir. 1986) (holding that a regulation

directing a requester to mail his request to a specific address was an enforceable requirement).  In

this case, Plaintiff never properly submitted his FOIA request because he sent it to "Drug

Enforcement Agency, 230 S. Dearborn Street, Suite 1200, Chicago, IL 60604." Compl., Ex. A at 2. Thus, Plaintiff failed to exhaust his administrative remedies.

Moreover, even if the Court were to overlook Plaintiff's failure to follow the procedural requirements set forth in 28 C.F.R. § 16.3, SARO did not receive Plaintiff's original request until May 16, 2006 such that its response two days later on May 18, 2006 would trigger Plaintiff's obligation to exhaust his administrative remedies. A "request will be considered received as of the *date it is received by the proper component's FOIA office*." 28 C.F.R. § 16.3(a) (emphasis added). Thus, the relevant date is not the date when the Chicago DEA office received Plaintiff's request, but rather the date on which SARO received Plaintiff's original request bearing his signature.[5] If "[p]laintiffs did not send their requests to the proper address, the consequence of such a misstep is the tolling of the period in which the government is required to respond." *Maxwell v. O'Neill*, Civ. No. 00-1953, 2002 U.S. Dist LEXIS 19033 at *13 (D.D.C. Sept. 12, 2002). Given that Plaintiff's request was received by the proper office on May 16, 2006, *see* 28 C.F.R. § 16.3(a), the DEA's Glomar response issued on May 18, 2006 must be construed as timely, as a response time of two days falls within the statutory time limit. Plaintiff therefore had not constructively exhausted his administrative remedies when he filed suit on April 14, 2006.

C.   *Plaintiff's Counter Arguments Fail*

In his Opposition, Plaintiff argues that "[t]he agency's willful failure to both, [*sic*] acknowledge receipt of [his] request and notify [him] that it had been facsimiled to another

---

[5]  The Court notes that Plaintiff does not argue that the date when SARO received a faxed copy (rather than the original) of Plaintiff's request should suffice as receipt of Plaintiff's request for constructive exhaustion purposes. *See also* Wassom Decl. ¶ 12 ("The SARO practice is to respond to and work from the original copy of the request. The original request is the only means of identifying the requester by the signature, and the content of the request.").

agency location deliberately deprived [him] of the right to alter, amend, or supplement [his] request." Pl.'s Aff. ¶ 5. He offers no cases providing support, however, for the proposition that an agency's non-communication when it re-routes a request triggers constructive exhaustion. To the contrary, in *Astley v. Lawson*, Judge Charles R. Richey noted that "[a]lthough the [agency] might have been more helpful to the plaintiff in his attempts to determine to which field office his requests should be sent, or might have responded explaining why the information he sought would not be provided, the Court holds that the [agency] has not 'improperly withheld agency records' within the meaning of FOIA." *Astley v. Lawson*, Civ. No. 89-2806, 1991 U.S. Dist. LEXIS 21611 at *9 (D.D.C. January 11, 1991); *accord Kessler*, 899 F. Supp. at 645 ("It is not the [agency's] responsibility to determine where a requestor should send his request . . . .").

Plaintiff also contends that "[o]nce the defendant has asserted the affirmative defense of 'Glomar,' it would be unreasonable to expect an administrative appeal to have any liklihood [*sic*] of success," citing *Fraley v. United States Bureau of Prisons*, 1 F.3d 924 (9th Cir. 1993) in his defense. Pl.'s Opp'n at 3. The Court initially notes that *Fraley* discusses futility in the context of a prisoner administratively petitioning the Bureau of Prisons for credit for time served during house arrest, *id.* at 925, which is not particularly relevant to the FOIA case at hand. To the contrary, D.C. Circuit precedent establishes that the futility doctrine applies only where "'following the administrative remedy would be futile *because of certainty of an adverse decision*.'" *Randolph-Sheppard Vendors of America v. Weinberger*, 795 F.2d 90, 105 (D.C. Cir. 1986) (quoting 3 K. Davis, Administrative Law Treatise § 20.07 (1958) (emphasis added)). *See also in re Steele*, 799 F.2d 461, 466 (9th Cir. 1986) (holding that even though an agency made it clear that it would not release requested information, it would not be futile to require plaintiffs to

12

exhaust administrative remedies because the purposes underlying the exhaustion doctrine were not achieved).  Plaintiff has failed to demonstrate that an administrative appeal of his case would "certainly" result in a Glomar response; his prediction appears to be merely speculative, as he merely states that "it would be unreasonable to expect an administrative appeal to have any liklihood [*sic*] of success."  Pl.'s Opp'n at 3.  Accordingly, Plaintiff has not demonstrated that exhaustion of his administrative remedies would be futile.

     D.     *Plaintiff's [8] Motion to Defer Summary Judgment pursuant to Rule 56(f)*

On October 2, 2006, Plaintiff had filed a [8] Motion to Defer Summary Judgment Pursuant to Rule 56(f).  An Opposition and Reply were filed with respect thereto.  On October 13, 2006, Defendant filed a [11] Motion for Protective Order barring discovery unless permitted by further order of the Court.  An Opposition and Reply were filed with respect thereto.  On December 13, 2006, the Court granted Defendant's [11] Motion for Protective Order barring discovery unless permitted by further order of the Court; and held in abeyance Plaintiff's [8] Motion to Defer Summary Judgment pursuant to Rule 56(f), indicating that "[w]hen the Court examines the filings with respect to the pending [5] Motion to Dismiss, or in the Alternative, for Summary Judgment, the Court shall then consider whether or not discovery is appropriate prior to the Court's resolution of that Motion."  In Plaintiff's [8] Motion to Defer Summary Judgment, Plaintiff "requests leave to propound interrogatories, admissions and production of documents to Defendant" because "[t]he pleading [ostensibly Defendant's Motion to Dismiss or in the alternative for Summary Judgment] and testimony allege facts, conclusions and procedures unknown to Plaintiff."  Pl.'s [8] Mot. at 1.  While Plaintiff claims to "suffe[r] extreme prejudice by the defendant's reliance on unvarified [*sic*] information," Plaintiff's seven-sentence Motion

does not further illuminate his request for discovery prior to the Court's resolution of

Defendant's [5] Motion.  As the Court finds that discovery is not necessary prior to the Court's

resolution of Defendant's [5] Motion, as the Court's decision is based on facts proffered by both

Plaintiff and Defendant that are not in dispute, the Court shall DENY Plaintiff's [8] Motion to

Defer Summary Judgment.

## IV.  CONCLUSION

Based on the aforementioned reasoning, the Court shall grant Defendant's [5] Motion to

Dismiss or in the Alternative for Summary Judgment; deny Plaintiff's [8] Motion to Defer

Summary Judgment pursuant to Rule 56(f) (previously held in abeyance); and dismiss the instant

case.  An Order accompanies this Memorandum Opinion.


Date:   July 22, 2007


                          _____/s/_____
                          COLLEEN KOLLAR-KOTELLY
                          United States District Judge

14